CITY OF WYANDOTTE v. JEREMIAH DRENNAN.

*Acceptance of office—Changes in salaries.*

Acceptance of a salaried public office does not establish contract relations between the officer and the public whereby the latter are bound to continue to pay the same salary as was paid at the time of the appointment to office.

The Legislature has ample power to fix the salaries of public officers, and, unless restrained by the Constitution, to change them at any time, even during the official term, and it can delegate this power to municipal councils.

Error to Wayne.   Submitted June 28.   Decided July 1.

ASSUMPSIT.   Defendant brings error.   Reversed.

*George W. Coomer* for plaintiff in error.

*Charles E. Miller* and *Clarke & Kellogg* for defendant in error.   The appointment of a municipal officer for a definite time, and his acceptance, constitute a contract:  *Chase v. Lowell* 7 Gray 33; *Kimball v. Salem* 111 Mass. 89; *Caverly v. Lowell* 1 Allen 289; but see Dill. Mun. Corp. (2d ed.) § 168; *Com. v. Bacon* 8 S. &. R. 135; *Barker v. Pittsburgh* 4 Penn. St. 49; *Augusta v. Sweeney* 44 Ga. 465; *Iowa City v. Foster* 10 Ia. 189; and the salary cannot be reduced against the assent of the officer without a breach of contract obligation:  *University of Alabama v. Walden* 15 Ala. 655; *Murdock v. Academy* 12 Pick. 244; *Dutch Church v. Bradford* 8 Cow. 457; *Avery v. Tyringham* 3 Mass. 160.

COOLEY, J.   The defendant in error was recorder of the city of Wyandotte during the years 1877 and 1878.   He claims that he has never been paid in full his salary for those years, and as the common council refused to allow and pay him what he demanded, he brought suit in *assumpsit* to recover.

By the city charter the recorder is elected for a term of two years.   Laws 1867 vol. 2 p. 188. ` He is *ex officio* a justice of the peace for the city, with the usual powers and authority of justices; he is clerk of the common council, and is required to keep a record of their proceedings and an account of their receipts and expenditures, and to perform for the city all such duties as township clerks are required by law to perform for the several townships.   Ibid. 206. He is also to possess the same powers and perform and discharge the municipal duties of mayor during the absence or inability, death, resignation or removal of the mayor.   Ibid. 207.   For his compensation he is entitled to receive " such sums as the common council may allow, not exceeding three hundred dollars per annum."   Local Acts 1875 p. 680.

The facts in the case are stipulated, and the stipulation states that at the time of the election of defendant in error the salary of the office of recorder was two hundred and fifty dollars per annum ; by which we understand that there was a standing resolution or order of the common council for the payment of compensation at that rate. This sum was paid to him for 1877, but for the next year the common council by resolution reduced the compensation to one hundred and fifty dollars, and that sum was received under protest. This suit is brought to recover the difference between that sum and the sum as previously fixed.

The charter expressly gives to the recorder the customary town clerk's fees for the duties performed by him which in towns are performed by clerks. Laws 1867 vol. 2 p. 206. He is also as justice of the peace entitled to charge and collect such fees as are chargeable and collectible by other justices. The annual compensation is therefore provided for such services performed by him for the city as fees are not given for. It is evident from the foregoing statement of his duties that these services must vary from time to time considerably, and there is wisdom, therefore, in leaving the compensation to be fixed by the council from a consideration of what these may have been or are likely to be in any particular year.

It is claimed, however, that when the salary is fixed at the time when the office is accepted, the acceptance is presumed to have the salary in view, and a contract is thereby effected between the officer and the city which neither can change without the consent of the other. This is a position that has frequently been taken and almost as often overruled. Nothing seems better settled than that an appointment or election to a public office does not establish contract relations between the person appointed or elected and the public. The leading case of *Butler v. Pennsylvania* 10 How. 402, has been universally regarded as having settled that question; and it has been followed by decisions in numerous cases.* The salary or other compensation is there-

---

*NOTE.—See a large number collected in Cooley's Const. Lim. 4th ed. p. 336 note. See also the recent case of *State v. Kalb* 50 Wis. 178.

fore at the discretion of the legislative authority of the State, or of such other authority as the Legislature has seen fit to entrust it to. This was indirectly recognized in *Chapoton v. Detroit* 38 Mich. 636; a case which is in point here.

It is said on behalf of the defendant in error that the principle above stated rests on the right of the officer to resign and give up his office at any time; and it is further said this right did not exist in the case of this officer because he could only resign to the common council—the very body that reduced the salary—and the council might keep him in by refusing to accept his resignation. Whether the council could in this way compel the recorder to continue in the performance of his duties we do not care to consider in this case, because we think the legislative authority over the subject does not depend upon the existence or non-existence of any such power. Offices are created for the public good at the will of the legislative power, with such powers, privileges and emoluments attached as are believed to be necessary or important to make them accomplish the purposes designed. But except as it may be restrained by the Constitution the Legislature has the same inherent authority to modify or abolish that it has to create; and it will exercise it with the like considerations in view. Whoever accepts a public office must accept it with this principle of constitutional law in view; and if his compensation is reduced below what seems to him reasonable, it may be a hardship, but it is not a legal wrong. The legislative power is ample, and he is supposed to know when he takes the office that it is liable to be exercised.

The legislative power to determine the compensation in respect to this office has been delegated to the common council, and that body has exercised it. This is conclusive.

The judgment must be reversed, with costs of both courts.

The other Justices concurred.