[No. 19380.    Department One.—September 1, 1894.]

## W. H. MARQUIS, RESPONDENT, v. CITY OF SANTA ANA, APPELLANT.

MUNICIPAL CORPORATIONS—POWER OVER SALARY OF OFFICERS.—The power of a corporation to fix or change the salary of its officers rests entirely upon statute, and the exercise of this power is subject to all of the limitations contained in the statute.

ID.—CHANGE OF SALARY OF CITY ASSESSOR—MUNICIPAL GOVERNMENT ACT.—A municipal corporation which is subject to the municipal government act, which provides that the compensation of its city assessor shall not be increased nor diminished during his term of office, can neither directly, by express ordinance for that purpose, diminish the amount of his salary during his term, nor can it accomplish that result indirectly, by diminishing the duties of his office or dispensing with his services.

ID.—MUNICIPAL TAXATION—ASSESSMENT BY COUNTY ASSESSOR—ELECTION OF ACT BY ORDINANCE—REPEAL OF SALARY OF CITY ASSESSOR—REPEAL OF POLL TAX—ABOLITION OF OFFICE—An ordinance adopted by a municipal corporation of the fifth class, electing to avail itself of the provisions of the act of March 2, 1891, to make the assessment of property by the county assessor the basis of municipal taxation, and also repealing a former ordinance fixing the compensation of the city assessor, and another ordinance repealing all provisions for street poll tax, cannot

have the effect to alter or change the salary of the city assessor or to abolish his office.

ID.—RIGHT OF OFFICER TO SALARY—CESSATION OF DUTIES.—The right of an officer to the salary fixed by law for that office is not impaired by any change that may be made in the duties of the office, or even by an entire cessation of those duties, so long as the office itself remains in existence.

ID.—POWER TO ABOLISH MUNICIPAL OFFICE.—A municipal office created by the legislature cannot be directly or indirectly abolished by the city.

ID.—ACTION BY MUNICIPAL OFFICER FOR SALARY—MANDAMUS—ELEC-TION OF REMEDY.—A municipal officer is not required to proceed by writ of mandate to compel the payment of his salary; but he may elect to bring an action against the municipal corporation for the amount of the salary claimed by him.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion of the court.

*West & Heathman,* for Appellant.

The plaintiff has mistaken his remedy, and should have applied for a writ of mandate. (*Fowler* v. *Pierce,* 2 Cal. 165; *Marbury* v. *Madison,* 1 Cranch, 170; *McCauley* v. *Brooks,* 16 Cal. 41; *Sullivan* v. *Shanklin,* 63 Cal. 251; *State* v. *Johnson,* 4 Wall. 475.) The legislature intended to repeal all sections of the municipal corporation bill that came in conflict with the provisions of the act of March 2, 1891, and even extended to the abolishment of the office of city assessor, when the city of Santa Ana availed itself of the provisions of the act. (*United States* v. *Tynen,* 11 Wall. 88; *Warren* v. *Crosby,* 24 Or. 558; *Commonwealth* v. *Cooley,* 10 Pick. 36; *Bartlet* v. *King,* 12 Mass. 537; 7 Am. Dec. 99; *Longlois* v. *Longlois,* 48 Ind. 60; *Treadwell* v. *Yolo Co.,* 62 Cal. 564; *Hayes* v. *State,* 55 Ind. 99; *Dowdell* v. *State,* 58 Ind. 333; *State* v. *Rogers,* 10 Nev. 319; *Daviess* v. *Fairbairn,* 3 How. 636; *Pierpont* v. *Crouch,* 10 Cal. 316.) Under the law of 1891 no duties were imposed upon the city assessor, and it is well settled that where there is no office there can be no officer. (*Ford* v. *Harbor Commrs.,* 81 Cal. 26, 27.) The power that creates an office has the power to destroy or abolish it, and while we admit that the com-

pensation of the city assessor could not be diminished nor increased during his term, yet it .was in the power of.the legislature to abolish his office at any time, even during his term.   (*Ford* v. *Harbor Commrs.*, 81 Cal. 26, 27; *Attorney General* v. *Squires,* 14 Cal. 13; *Coyne* v. *Rennie,* 97 Cal. 590; *Hall* v. *State,* 39 Wis. 79.)   The act of the board of trustees of the city of Santa Ana in passing the ordinances, and in dispensing with the services of the city assessor, were sufficient in themselves to abolish his office, independent of the act of 1891; assuming that the assessor's office was one created by the board of trustees of the city of Santa Ana.   (Pol. Code, sec. 4408; Dillon on Municipal Law, secs. 231, 265; *Augusta* v. *Sweeney,* 44 Ga. 463; 9 Am. Rep. 172; Throop on Public Officers, 475.)

*James G. Scarborough,* for Respondent.

The action was properly brought as an action at law, where salaries may be recovered like other debts by means of it, is the .ordinary remedy, instead of *mandamus.*   (*In re Lynch,* 2 Hill, 45; *People* v. *Mayor,* 25 Wend. 680; *People* v. *Thompson,* 25 Barb. 73; *Reynolds* v. *Taylor,* 43 Ala. 420; Municipal Corporation Act, sec. 750; *Crandall* v. *Amador County,* 20 Cal. 73.)   The act of March 2, 1891, did not abolish plaintiff's office, but at most only relieved him of a part of his duties, and therefore it did not take away his right to his salary, as an officer is entitled to his salary, whether his duties be increased or diminished. (Municipal Corporation Act, sec. 755; *Dougherty* v. *Austin,* 94 Cal. 629.)   If the act of March 2, 1891, be considered as abolishing the plaintiff's office, it is unconstitutional, as it delegates to the board of trustees the powers granted to the legislature.   (*Ex parte Wall,* 48 Cal. 313; 17 Am. Rep. 425; *Dougherty* v. *Austin,* 94 Cal. 605; *Pasadena* v. *Stimson,* 91 Cal. 238.)   The office of assessor cannot be abolished by any act of the city authorities, as it was created by the legislature. (Municipal Corporation Bill, sec. 751.)   Section 4408 of the

Political Code was repealed by the Municipal Corporation Act of 1883.

HARRISON, J.—The plaintiff was elected to the office of city assessor of the defendant on the 13th of April, 1891, and entered upon the duties of his office April 20, 1891. Previous to his election, viz., March 16, 1891, the salary of that office had been fixed by an ordinance of the city at three hundred and seventy-five dollars per year, payable one-half thereof on the first Monday of July, and one-half thereof on the first Monday of September. March 2, 1891, the legislature passed an act (Stats. of 1891, p. 22) providing that in cities in this state, excepting municipal corporations of the first, second, third, and fourth classes, and cities operating under a freeholders' charter, the assessment of property made by the county assessor might be made the basis of municipal taxation. The act, however, contained the following proviso: "*Provided*, however, that the provisions of this act shall not apply to or be in force in any city or municipal corporation until its board of trustees, common council, or other legislative body shall have passed an ordinance electing to avail itself of the provisions of this act, and filed a certified copy of the same with the auditor of the county in which such municipal corporation or city is situated on or before the first Monday in March of each year." The defendant is a municipal corporation of the fifth class, and on February 15, 1892, through its board of trustees, passed an ordinance electing to avail itself of the provisions of the above act, and by the same ordinance repealed its former ordinance fixing the compensation of the city assessor. A copy of this ordinance was filed with the county auditor of Orange county, in which the city of Santa Ana is situated, on February 23, 1892. March 21, 1892, the defendant passed an ordinance repealing a prior ordinance providing for a street poll tax; so that all of the duties imposed upon the assessor by virtue of any city ordinance were taken away. After

the passage of these ordinances the plaintiff performed no duty as city assessor, except to make out the list of male persons over the age of twenty-one years residing within the limits of the city, required by section 787 of the municipal government act. The defendant refused to allow or pay to the plaintiff any salary for the second year of his incumbency of the office, and he thereupon brought this action. Judgment was rendered in his favor, and the defendant has appealed directly upon the judgment-roll, including a bill of exceptions.

1. The objection that the court had no jurisdiction in the matter, for the reason that the writ of mandate was the proper remedy, was properly disregarded. Even though it should be conceded that the plaintiff might have sought relief through a writ of mandate, he was also entitled to bring an action for the amount claimed by him.

2. Section 755 of the municipal government act (Stats. of 1883, p. 251), provides: "The clerk, treasurer, assessor, marshal, city attorney, and recorder shall severally receive at stated times a compensation, to be fixed by ordinance by the board of trustees, which compensation shall not be increased or diminished after their election or during their several terms of office." The power of the legislature to abolish the office of city treasurer, or to change the compensation of the officer, or its power to authorize the city to change his compensation during his term of office, is not presented in the present case, as the legislature has neither abolished the office nor changed the compensation, nor given to the city the authority to make such change. As the power of the defendant to fix or change the salary of its officers rests entirely upon statute, the exercise of this power is subject to all the limitations contained in the statute. The plaintiff was elected to the office of city assessor after the adoption of the ordinance fixing the amount of his salary, and the limitation in the above section that his compensation shall not be increased or diminished during his term of office renders the act of

the defendant repealing the ordinance fixing his salary nugatory.  As the defendant could not directly, by express ordinance for that purpose, diminish the amount of his salary, the same result could not be accomplished by it indirectly, either by accepting the provisions of the act of March 2, 1891, or by doing away with the necessity for his services through its adoption of the ordinance abolishing the street poll tax.  The right of an officer to the salary fixed by law for that office is not impaired by any change that may be made in the duties of the office, or even by an entire cessation of those duties, so long as the office itself remains in existence.

· 3. It is urged by the appellant that its election to avail itself of the provisions of the act of March 2, 1891, had the effect to abolish the office of city assessor.  As the office is, however, created by the legislature, it could not be directly abolished by the city; much less could its abolition be implied from any act that did not in terms purport to abolish it.  The office is provided for in section 752 of the municipal government act, which has never been repealed; and the act of March 2, 1891, instead of sustaining the suggestion of an implied repeal of that section, expressly declares that its provisions shall not be given force in any city until it shall have passed an ordinance electing to avail itself thereof, on or before the first Monday in March *of each year;* thus implying that the office continues to exist.

The duties of the city assessor are fixed by section 787 of the municipal government act, and, while it may be conceded that the election by the defendant to avail itself of the provisions of the act of March 2, 1891, did away with the necessity for the performance by the assessor of any acts connected with the assessment of property, theretofore imposed upon him, so long as such election remained in force it does not follow that the office of assessor was thereby abolished.  Section 787 prescribes, as one of the duties of this office, that "the assessor shall, during said term, also make a list

of all male persons residing within the limits of such city, over the age of twenty-one years, and shall verify said list by his oath, and shall, on or before the first Monday of August of each year, deposit the same with the city clerk." It is urged by the defendant that, inasmuch as the only apparent object for which this list is to be made is to form the basis for collecting an annual street poll tax, the repeal of the ordinance providing for the street poll tax relieved the plaintiff from the duty of preparing this list. The statute, however, under which he holds his office makes the preparation of this list one of his official duties, and we are not at liberty to assume that the only object of this requirement was to enable the city to collect a street poll tax, or that he would be justified in omitting this official duty prescribed by the statute, even though the city, by its ordinance, rendered his act in preparing it of no avail to it. The city had still the power to pass an ordinance imposing this tax, and might then avail itself of the list thus prepared. But, whether the duties have been increased or diminished, or entirely dispensed with, so long as the office remains the salary affixed thereto is an incident of the office, and must be paid to the incumbent. We have, however, seen that the office has not been abolished, and the appellant does not contend that, if the office is still in existence, the respondent is not its incumbent. It follows that he is entitled to the salary attached to the office at the time of his election, and that the action of the court in holding this defense to be unavailing was correct.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.