## HALL *v.* BURKS.

1. It was, under the constitution of 1868, competent and constitutional for the General Assembly to pass an act "consolidating" the offices of clerk of the superior court and treasurer of a given county, to the extent of devolving the duties of the treasurer upon the clerk, and making the latter *ex officio* treasurer.

2. The act of February 28, 1876, relating to these offices in Dougherty county, had only the effect indicated in the preceding note. The words, "the treasurer's office of Dougherty county shall be abolished," covered matter not embraced in the title of the act; and the purpose of the act as a whole was clearly, not to abolish the treasurer's office, but merely to transfer the duties of that office to the clerk of the superior court; and in this sense alone was there any "consolidating" of the two offices.

3. This case differs essentially from that of *Massenburg* v. *Commissioners of Bibb County*, recently decided. In that case, the treasurer's office was unequivocally abolished, and provision was made for transferring its duties to a person not elected by the people.

August 12, 1895.

*Quo warranto.*· Before Judge BOWER. Dougherty ·county. March 14, 1895.

Hall presented his petition for leave to file an information in the nature of a *quo warranto* against Burks, to inquire into his right and title to the office of county treasurer of Dougherty county. The petition was refused, and plaintiff excepted. He alleged, that on January 2, 1895, an election was held in said county for ·county officers, at which he was a candidate for the ·office of county treasurer, and was elected by a majority ·of the votes cast for that office; that Burks was not a ·candidate for that office, and received no votes therefor, but was a candidate for the office of clerk of the superior court and was elected to that office; that he is now ·acting as county treasurer, claiming the right so to do under the local act of 1876, abolishing the office of ·county treasurer and investing the ̆ clerk with all the powers and duties of that office (Acts 1876, p. 325); ·that petitioner made and tendered, within thirty days ·after the election, his bond to the county commissioners, who approved it as a good and solvent bond, but de- ·clined to recognize him as treasurer; and that said local act is unconstitutional and void, being a special law in a case for which provision had been made by an existing general law.

JESSE W. WALTERS, for plaintiff.

JONES & BACON, for defendant.

LUMPKIN, Justice.

In 1876 the General Assembly passed an act having the following title: "An act consolidating the offices of clerk of the superior court of Dougherty county, ·also the treasurer of Dougherty county, and fixing the pay of same." Acts of 1876, p. 325. Construing the word "consolidating," as used in the title, in connection with the body of the act, we think the General Assem-

bly simply intended that the duties of the treasurer should be devolved upon the person who was clerk of the superior court, thereby making him *ex officio* treasurer. In this sense alone was any consolidation of these offices contemplated. We think, to the extent limited, it was competent and constitutional, under the constitution of 1868, which was in force at the time, for the General Assembly to pass an act of this kind. It is true the act does contain the words, "the treasurer's office of Dougherty county shall be abolished"; but there is absolutely nothing in the title referring to the abolition of this office, and these words may therefore be entirely disregarded, the more especially when it is perfectly clear from the act as a whole, that there was no real purpose to actually abolish the treasurer's office, but simply to transfer the performance of its duties to another official who was also the clerk of the superior court.

When this court had before it the case of *Massenburg* v. *The Commissioners of Bibb County*, 96 *Ga.* 614, we gave some consideration to the question whether or not such an act as that with which we are now dealing would have been constitutional under the constitution of 1868, and were then inclined to the opinion that it would. It was not, however, necessary at that time to definitely decide this question, for it was not in the case then in hand, it being an entirely different case from the one now at bar. There, the treasurer's office was unequivocally abolished, and the performance of its duties was, in terms, transferred to a person not elected by the people. We still think that case was correctly decided, and the reasons upon which it is based are stated in an elaborate and thoroughly considered opinion by Justice ATKINSON. A perusal of it will show clearly that there are two distinctive differences in these cases, viz: (1) that in one the treasurer's office was absolutely abolished,

while in the other it was not; and (2) that in one a person not elected by the people was to perform the duties of that office, while in the other an officer of their own selection was to become *ex officio* treasurer.

*Judgment affirmed.*