## HALL *v.* TARVER.

1. The local act approved February 28, 1876 (Acts 1876, p. 325), consolidating the offices of clerk of the superior court and of treasurer of Dougherty county, is unconstitutional and inoperative, in that under the constitution of 1868 the General Assembly was without power to expressly abolish the office of county treasurer, or to accomplish the same result by indirection, by depriving the treasurer of the emoluments of that office and transferring the duties thereof to the clerk of the superior court.

2. It is not a good objection to an attack on a statute, because of its unconstitutionality for given reasons, that the same statute had been held by the court not to be unconstitutional for another reason.

3. Where in a quo warranto proceeding the respondent based his right to discharge the duties of county treasurer upon an unconstitutional statute, and the relator was the officer, under the law, entitled to such office, the court did not err in rendering a judgment of ouster against the respondent and directing him to turn over to the relator all books, papers, and moneys in his custody connected with the office.

Submitted April 18,—Decided May 17, 1907.

Quo warranto. Before Judge Spence. Dougherty superior court. February 15, 1907.

*Joseph H. Hall* and *Warren Roberts,* for plaintiff in error.

*W. E. Wooten* and *I. J. Hofmayer,* contra.

EVANS, J. R. P. Hall is the clerk of the superior court of Dougherty county, and for several years has also been discharging the duties of treasurer of that county, by virtue of the act approved February 28, 1876 (Acts 1876, p. 325). This act abolished the treasurer's office and devolved the duties of the treasurer upon the clerk.

of the superior court of the county of Dougherty, and provided for his compensation. At the last general election H. A. Tarver was elected treasurer, and he was duly commissioned as such. Afterwards Tarver demanded of Hall all the moneys, books, and papers in his custody, belonging to the county and pertaining to the office of treasurer. Hall refused, and the treasurer filed a petition for leave to file an information in the nature of a quo warranto, to try the title to the office of treasurer. Leave was granted, and in answer to the information the respondent based his right to discharge the duties pertaining to the office of treasurer upon the legality of the local act above referred to. He denied the unconstitutionality of the act, and alleged that it had been pronounced constitutional by this court, in *Hall* v. *Burks, 96 Ga.* 622. The court entered a judgment of ouster, and directed the respondent to deliver to the relator all the books, papers, and moneys which came into his custody as treasurer of the county.

This controversy is determinable upon the constitutionality of the local act abolishing the office of county treasurer in Dougherty county and consolidating it with that of clerk of the superior court. This act is unconstitutional, for the reasons stated in *Morris* v. *Glover,* 121 *Ga.* 751. The constitutionality of the same act was assailed in *Hall* v. *Burks,* supra, but this court held that the act was not unconstitutional because of the matters alleged against it in that case. It is urged that the judgment of the court in *Hall* v. *Burks* was res adjudicata on the subject of the constitutionality of the act. The infirmity pointed out in *Morris* v. *Glover,* supra, was not that which the court passed on in *Hall* v. *Burks.* It is no objection to an attack on a statute, because of its unconstitutionality for given reasons, that the same statute had been held by the court not to be unconstitutional for another reason. There was no issue of fact involved; the relator had been duly commissioned as county treasurer for the County of Dougherty; he was therefore entitled to discharge the duties of the office, and receive the emoluments thereof. Accordingly, it was not error for the court to enter a judgment of ouster against the respondent and direct him to deliver to the relator all books, papers, and moneys in his custody connected with the office of treasurer of Dougherty county.

*Judgment affirmed. All the Justices concur.*