[No. 5356.]
[No. 3005 C. A.]

ORAHOOD v. THE CITY AND COUNTY OF DENVER.

1. **Constitutional Law—Constitutional Amendments—Maxims—Application.**

The maxim that "the express mention of one thing implies the exclusion of another" is not of universal application, and great caution is requisite in dealing with it in connection with constitutional amendments, lest the intention of the people in the adoption of an amendment, as discoverable from the instrument itself and the circumstances of the transaction, be destroyed. —P. 175.

2. **Same—Terminating Offices—Effect on Salaries.**

The fact that a constitutional amendment, terminating the terms of office of all the officers of a municipality, did not add a clause that the right of the officers to the salary attached to such offices shall cease, does not entitle such officers to the respective salaries, since such latter clause would add nothing to the former, because "the expression of what is tacitly understood is inoperative," and the termination of the term necessarily implies the cessation of the salary.—P. 175.

3. **Same—City and County of Denver—City Attorney.**

Section 30, art. 5, Colo. const., providing that, except as otherwise provided in the constitution, no law shall extend the term of any public officer or increase or diminish his salary after

his election, does not restrict the power of the people to amend the constitution; and hence § 3, art. 20, Colo. const., providing that the terms of all officers of the city and county of Denver should terminate on the consolidation of the city and county, deprived the city attorney of his office and right to further salary, although the term for which he was elected had not yet expired.—P. 175.

*Error to the District Court of the City and County of Denver.*
*Hon. P. L. Palmer, Judge.*

Action by Harper M. Orahood against the city and county of Denver. From a judgment dismissing the complaint, plaintiff brings error.

Decision *en banc*.                    *Affirmed.*

Mr. T. E. WATERS, Mr. W. F. ORAHOOD, and Mr. E. W. HURLBUT, for plaintiff in error.

Mr. H. A. LINDSLEY and Mr. CHAS. R. BROCK, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiff's complaint is substantially as follows:

That the defendant is a municipal corporation; that on the 2d day of April, A. D. 1901, at the election held in the city of Denver, county of Arapahoe, plaintiff was elected to the office of city attorney in and for said city; that upon the 14th day of April, 1901, he qualified and entered upon the duties of the office and continued to fulfill and perform such duties for the full term of two years from said 14th day of April; that on the first day of December, 1902, the city of Denver and the county of Arapahoe by and under the provisions of a constitutional amendment were merged in and became the city and county of Denver, defendant in this case, which succeeded to all the rights, powers, property and liabilities of the

said city of Denver, among which said liabilities was the obligation to pay to the plaintiff the full amount of his salary as said city attorney, for the full term of two years. The city of Denver paid plaintiff the amount of salary due up to and including the 30th day of November, 1902, and failed and neglected to pay the amount due from December 1st, 1902, to April 14th, 1903, to wit: the sum of $1,861.13; that the money to pay the said salary was duly provided for by a tax upon the property of the city of Denver and that, at the time the defendant succeeded to the property, rights and obligations of the city of Denver, the tax had been levied and the money to pay said salary had been provided for by the said city of Denver and the same by said consolidation, merger and succession came to and is now held by the defendant; that the charter of said city of Denver provided that the compensation of said city attorney of said city of Denver should be the sum of $5,000.00 per year and that the term for which said attorney should be elected should be the term of two years; that since the first day of December, 1902, the defendant failed and refused to pay the said plaintiff his salary as said city attorney.

To this complaint a general demurrer was filed by the defendant and sustained by the court and judgment rendered dismissing the complaint. The action of the court is assigned as error by plaintiff in error.

Article 20 of the constitution is the amendment mentioned in plaintiff's complaint. Section 3 of this article provides:

"Immediately upon the canvass of the vote showing the adoption of this amendment, it shall be the duty of the governor of the state to issue his proclamation accordingly, and thereupon the city of Denver and all municipal corporations and that part

of the county of Arapahoe within the boundaries of said city shall merge into the city and county of Denver, and the terms of office of all officers of the city of Denver and of all included municipalities and of the county of Arapahoe shall terminate * * * and the district attorney shall also be *ex officio* attorney of the city and county of Denver.''

Section 30 of article 5 of the constitution provides:

''Except as otherwise provided in this constitution, no law shall extend the term of any public officer or increase or diminish his salary, or emoluments after his election or appointment.''

It is the contention of plaintiff in error that section 30 of article 5 is controlling in this matter, and that 'the amendment should not receive such a construction as would diminish his salary or emoluments. The plaintiff in error relies somewhat upon the maxim: ''The express mention of one thing implies the exclusion of another,'' and argues that, notwithstanding section 3 of article 20 terminated the right to the office, the right to the salary did not cease, because it was not expressly mentioned. This maxim is not of universal application, and great caution is requisite in dealing with it lest we destroy the intention of the people in the adoption of the amendment as discoverable from the instrument itself and the circumstances of the transaction.— Broom's Legal Maxims, 653.

If the amendment had provided that upon its adoption ''the terms of office of all officers of the city of Denver shall terminate and the right of the officers to the salary attached to such offices shall cease,'' the latter clause would add nothing to the sentence, because, ''the expression of what is tacitly implied is inoperative'' (Broom's Legal Maxims, 670), and the

termination of the term necessarily implies the cessation of the salary.

The case of *Marquis v. City of Santa Anna,* 103 Cal. 661, relied upon by plaintiff in error is not in point. In that case the city relieved the assessor of the performance of his duties and then sought to avoid paying his salary. Under a statute which provided that the compensation should not be diminished during the official term, it was held that the city was bound to pay the salary even though it had made other provisions for the performance of the duties. Here, by article 20 of the constitution, the people in their sovereign capacity terminated the term of office of plaintiff in error.—*Uzzel v. Anderson,* 38 Colo. 32.

So that plaintiff no longer held the office the salary of which he seeks to obtain.

In the case of the *County of Cook v. Sennott,* 136 Ill. 314, which is relied upon by plaintiff in error, it appears that the constitution of Illinois, section 11, article 9, prohibits the increase of the compensation of the clerk of the probate court during his term of office, and it was held that an act of the legislature increasing such salary was void. This does not apply here, because the act complained of was by an amendment to the constitution itself. It cannot be asserted that section 30 of article 5 prohibits the people from amending their own constitution. The section of the constitution which prohibits the diminution of the salary of any public officer also inhibits the extending of the term or the increasing of the salary. Yet, in the year 1881, an amendment to the constitution was proposed, and afterwards adopted by the people, which provided for the increase of the salaries of the governor, his private secretary, the judges of the supreme court and the judges of the district court. Since the time of its

adoption each of these officers have been receiving salaries in accordance with that amendment and those in office at the time of its adoption immediately began to receive such increase. By the amendment to the constitution proposed in 1901, and adopted by the people in 1902, the terms of office of the district attorneys, county judges and the various county officers were extended. By the amendment to the constitution which provides for the consolidation of the court of appeals and the supreme court, the term of office of one of the judges was extended for a period of one year and the term of office of two of the judges was decreased for the period of three months. So it is seen that the people have repeatedly exercised the power to do those things prohibited by section 30 of article 5. The inhibitions mentioned in this section are restrictions upon the legislative branch of government and not against the power of the people to amend the constitution.

In *Taylor & Marshall v. Beckham,* 178 U. S., at page 577, it is said:

"Nor does the fact that a constitution may forbid the legislature from abolishing a public office or diminishing the salary thereof during the term of the incumbent change its character or make it property. True, the restrictions limit the power of the legislature to deal with the office, but even such restrictions may be removed by constitutional amendment."

Plaintiff in error contends that, notwithstanding the fact that by constitutional amendment the people terminated the term of his office, he was still entitled to the salary for the full term for which he was elected.

In *State v. Frizzell,* 31 Minn. 460, the court said:

"Public offices, in theory at least, are held and exercised for the benefit of the public and not of the

incumbent. Therefore, it is in all cases competent for the people, in their sovereign capacity, to abolish an office or shorten a term, or reduce or take away entirely the salary attached to it, without regard to the interests or expectations of the incumbent as to the prospective compensation.—Cooley on Const. Lim. *276; *County of Hennepin v. Jones,* 18 Minn. 199; *Connor v. City of New York,* 2 Sandf. 355, and when an office, or the term of an office, ceases, the salary ceases.''

See, also, *Jones v. Shaw,* 15 Tex. 577; Throop on Public Officers, § 475; *Alexander v. McKenzie,* 2 S. C. 81.

Inasmuch as the prohibitions contained in section 30 of article 5 cannot restrict the power of the people to amend their constitution and, inasmuch as the right to the salary ceases when the right to the office terminates, it necessarily follows that the demurrer to plaintiff's complaint was properly sustained. The judgment of the district court will therefore be affirmed.                    *Affirmed.*

Decision *en banc.*