[No. 7227.]

Elder v. City and County of Denver.

Constitutional Law—*Article XX*—The treasurer of the City and County of Denver, chosen under the charter of 1904, though performing the duties of county treasurer, is not entitled to a salary in the latter capacity.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. N. WALTER DIXON, for plaintiff in error.

Mr. FRED W. PARKS, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The allegations of the complaint are, in substance, that on the first day of January, 1902, article XX of the constitution of the state of Colorado went into force, by which article there was created a new body politic, designated as The City and County of Denver. On that date, and for some time prior thereto, the plaintiff below, who is plaintiff in error here, was the regularly elected, duly qualified and acting county treasurer of the then county of Arapahoe, and by article XX was designated to be such officer in the new entity, The City and County of Denver. On the third Tuesday in May, 1904, at a general municipal election under charter for the city and county of Denver, the plaintiff was elected city treasurer therein, and on June 1st next thereafter duly qualified and entered upon the discharge of his duties as such city treasurer, as defined by the charter. That from June 1st, 1904, there existed in the city and county of Denver a dual government, namely, a county government regulated and controlled by the general laws of the state, and a municipal government regulated and controlled by the charter, which was ratified and adopted March 29th, 1904; that on the first day of June the county offices in the new territory created by the constitution and laws of the state became separate and distinct offices from the municipal offices created by the charter, and that the office of county treasurer became separate and distinct from the office of city treasurer; that on June 1st, plaintiff then being county treasurer of the city and county of Denver, by virtue of his constitutional appointment, was entitled by the several provisions of the constitution to hold that office until his successor therein should be duly elected and qualified; that plaintiff's successor

in that office was not elected until the general election held in November, 1904, and did not qualify until January 10th, 1905; so that during this period of something over seven months plaintiff acted both as the city treasurer of the city and county of Denver, and the county treasurer of the city and county of Denver, and was entitled to two salaries, only one of which, that of city treasurer of the city and county of Denver, has been paid. The salary during this period for the county treasurer of the city and county of Denver amounted to $2,811.10. That in the period referred to there were sufficient fees, commissions and emoluments, as provided by law, gathered by the office to pay all its lawful expenses, including the salary claimed. Practically all the averments of the complaint were admitted. A special defense, involving a plea of waiver and estopped, was set up, a demurrer to which, by the plaintiff, the court overruled, and upon plaintiff's election to stand by his complaint, dismissed the action.

The contention of plaintiff must fall, because it is based upon a false premise, namely, that for the period referred to a dual government existed in the city and county of Denver, in the sense that there was a double set of officers therein performing separate functions and entitled to draw double salaries. The record shows that plaintiff took the office of city treasurer of the city and county of Denver, and in that connection, agreeable to the provisions of article XX, and the city charter, discharged the duties of county treasurer for that municipality, imposed by the general law, without thought of additional pay or double salary. This suit is purely an afterthought, as disclosed by the facts contained in the record, and there is no good reason apparent why plaintiff should now be permitted to recover a double salary, in direct conflict with his original expectation, and contrary to any such claim during the period of service, or until long thereafter. Undoubtedly this case was brought in reliance upon the effect of the decision in *The People ex rel. Attorney General v. Johnson*, 34 Colo. 143. Under the authority of that case there may be

some plausible ground to argue at least that plaintiff is entitled to two salaries; but it is practically certain that no such right actually exists even under the authority of the Johnson case. That question, however, need not be determined, because the reasoning in the Johnson case has been overruled in *The People ex rel. Attorney General v. Cassiday et al.,* 50 Colo. 503, and can, therefore, have no bearing on the present controversy. In the *Cassiday* case, having reference to section 3 of article XX, it is said:

"Section 3 of the article, by express provision, terminated, upon its adoption, the terms of office of all officers of the then city of Denver, of the included municipalities and of the old county of Arapahoe, a portion of which, together with the city of Denver and included municipalities, were then merged into the consolidated municipality of the 'city and county of Denver. It in effect did away with all county officers and offices, purely as such in the consolidated territory, and provided a single set of officers or agencies to perform, in the new municipality, all duties of a local nature and all duties pertaining to governmental state and county affairs as well."

From this it is apparent that the claim of the plaintiff for a double salary, as set forth in his complaint, is wholly without support, either in law or fact, since it was there determined that plaintiff's term of office as treasurer of old Arapahoe county terminated on the adoption of article XX, and further that there could not be in the new territory a double set of officers, drawing double salaries. The *Cassiday* case clearly settles this controversy adversely to plaintiff's right to claim or recover double compensation. The conclusion, therefore, of the trial court, that the plaintiff is without right of recovery, is correct. The reasons given therefor are immaterial, for since the judgment is right it must be affirmed. On principle the conclusion here announced is supported by *Aichele v. City and County of Denver,* 120 Pac. 149, and *Orahood v. City and County of Denver,* 41 Colo. 172, although each of these

cases disclose a somewhat different state of facts from those presented here.                              *Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE WHITE concur.