[No. 6277.]

## BOARD OF COUNTY COMMISSIONERS OF THE CITY AND COUNTY OF DENVER v. MEYER.

1. CONSTITUTIONAL LAW—*Article XX*—Immediately upon the taking effect of article XX of the constitution, the official term of the superintendent of schools next theretofore elected for the old county of Arapahoe, terminated. No such office existed in the new entity, the city and county of Denver, and there could be no incumbent thereof. Having been chosen to the office of superintendent of schools for the city and county of Denver, at the first election under its charter, adopted pursuant to article XX, she was not entitled to receive, in such office, the salary prescribed by the general law, but only that fixed by the charter.

2. JUDGMENT—*When Res Judicata*—A judgment of the district court determined that plaintiff was the county superintendent of schools for the city and county of Denver and entitled to the salary prescribed by the general law. Subsequent to this she was chosen superintendent of schools for that territory, under the city charter, qualified under such election, and served for some months, accepting the salary prescribed by the charter. She then brought an action to recover the salary prescribed by the general law for this period, less the sum she had already received under the charter provision. *Held,* that the former judgment was not *res judicata* of the questions presented in her new action, as an entirely different state of facts was involved, presenting different parties, different subject matter and new issues.

*Error to Denver District Court.*—Hon. GEORGE W. AL-
LEN, Judge.

Mr. FRED W. PARKS, for plaintiffs in error.

Messrs. YEAMAN & GOVE, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an action in mandamus to compel defendants, as
a board of county commissioners, to audit and allow, and
cause to be issued and delivered to plaintiff, a warrant for a
balance alleged to be due for salary, under the state law, as
county superintendent of schools of the city and county of
Denver. To a judgment making the writ final, defendants
bring error.

The facts are not in dispute. The record shows that at
the general election in November, 1901, plaintiff was chosen
to the office of superintendent of schools for Arapahoe county,
and that she qualified and entered upon the duties of her office
in January next thereafter. Under the provisions of the con-
stitution as it then stood, her term of office was for two years,
and would have expired in January, 1904. At the general
election in November, 1902, article XX of the constitution
was adopted, and became effective the following December by
proclamation of the governor. On March 29th, 1904, pur-
suant to the provisions of article XX, the city and county of
Denver adopted a charter, which, among other things, desig-
nated the office of county superintendent of schools of the city
and county of Denver, with a salary of $900.00 per annum.
In May, 1904, at a general city and county election, plaintiff
was elected under the charter to, and on June 1st following
qualified for, that office, and served and received the salary,
as provided for by the charter, for seven and one-half months,
the period involved in this action. The plaintiff now claims
that for this period she was entitled to compensation at the
rate of $2,800.00 a year, under the state law, or $1,711.08,

less the sum of $550.00, which she had received as salary under the charter, leaving a balance due of $1,161.08.

This question has been, by this court, frequently determined contrary to the contention of plaintiff. Her term of office as county superintendent of schools for Arapahoe county was expressly terminated by article XX on December 1, 1902, when it went into effect. She never was county superintendent of schools, under the general laws, for the new entity, "The City and County of Denver." No such county office ever has existed in that territory, and naturally there could not have been an occupant of that office. Plaintiff was, at the May election in 1904, under the charter, chosen to the office of county superintendent of schools for the city and county of Denver. As such officer it became and was her duty, in addition to discharging the duties of superintendent of schools, under the charter, to also discharge, for the same salary, the duties therein which devolve upon county superintendents of schools generally under the state laws. During this period the only salary plaintiff was entitled to have was that provided by the charter. This she has already received. On no theory is she entitled to get more. The following authorities are conclusive upon the foregoing propositions: *McMurray v. Wright*, 19 Colo. App. 17; *Uzzell v. Anderson et al.,* 38 Colo. 32; *Orahood v. City and County of Denver,* 41 Colo. 172; *Aichele v. City and County of Denver,* 120 Pac. (Colo.) 149; *People ex rel. v. Cassiday et al.,* 50 Colo. 503; *Dixon v. People ex rel.,* decided October 25, 1912; and *Elder v. City and County of Denver,* decided November 11, 1912.

It is urged that whether plaintiff was county superintendent of schools, as claimed in this suit, has been determined in her favor in an action in the district court of the city and county of Denver, brought by her against William A. Hoover et al., the executive officers of the city and county of Denver, to compel them, and in which they were adjudged, to draw and certify salary warrants in favor of the plaintiff, as such officer, for the six months' period immediately prior to that

involved in this suit. That judgment is in direct conflict with
numerous decisions of this court, some of which are cited
above, notably the *Cassiday,* the *Elder* and the *Anderson*
cases, wherein the precise questions upon which plaintiff here
relies to support a recovery, although between different par-
ties and affecting the status of different county officers, were
determined contrary to the conclusion reached in the *Hoover*
case. Under such circumstances, it may well be doubted
whether this court would be bound by a decision of a *nisi
prius* court, on a question of *res judicata,* even if all the ele-
ments were there present to make such decision applicable
here on that theory.

This record, however, shows that after the *Hoover* de-
cision plaintiff was elected county superintendent of schools
for the city and county of Denver under the charter, quali-
fied and acted as such during the full period covered in this
controversy. When she was so elected and qualified, then by
charter designation she became the officer or agent to dis-
charge in that territory, if it was intended by article XX that
there should ever be such an officer therein, all duties apper-
taining to that office, under the general law. Whatever dif-
ference of opinion there may be as to whether plaintiff was,
prior to her election under the charter, county superintendent
of schools in that territory under the state law, after the adop-
tion of article XX, either *de jure* or *de facto,* clearly after
such election and qualification she was only an officer therein
under the charter. So that, in this suit, in addition to having
different parties, different subject-matter, and different issues
from those in the *Hoover* case, a thing has intervened, to-wit,
the election of plaintiff as county superintendent of schools
under the charter, which changes the entire situation, and
therefore, in no event, can the decision in the *Hoover* case be
held to be *res judicata* of the questions at issue in this case.

It failing to appear from the case as made by plaintiff
that there was any duty upon the defendants to audit, allow
or draw warrants for her claim, the judgment so directing

was wrong and is reversed, and the cause remanded with directions to dismiss the complaint.

Mr. Justice Musser and Mr. Justice White concur.