## TARVER *v.* WOOTEN *et al.*

1. The act approved February 28, 1876 (Acts 1876, p. 325), purporting to abolish the office of treasurer of Dougherty county and to devolve the duties of that office on the clerk of the superior court and to fix the amount of the bond of the clerk as ex-officio treasurer, which was held to be unconstitutional in *Hall* v. *Tarver,* 128 *Ga.* 410 (57 S. E. 720), is no authority for excusing the treasurer of Dougherty county from giving a bond in the penal sum prescribed for bonds of county treasurers by the Civil Code (1910), § 571.

2. The approval of a bond of a county treasurer for a penalty much less than that required by the statute does not relieve the county treasurer of the necessity of giving a bond in the amount of the statutory penalty, when cited to do so by the proper officer.

MAY 16, 1917.

Certiorari. Before Judge Cox. Dougherty superior court. May 20, 1916.

*Pottle & Hofmayer,* for plaintiff in error.

*Walters & Redfearn,* contra.

EVANS, P. J.   The county treasurer of Dougherty county was cited before the ordinary to show cause why he should not give the bond required of county treasurers by the Civil Code (1910), § 571, and, in default, that his office be declared vacant.  The treasurer answered that he had given the bond required by the act of February 28, 1876, fixing the bond of the treasurer of Dougherty county at $10,000, and that his bond had been approved by the predecessor in office of the present ordinary.  The ordinary ruled that the local act was unconstitutional, and his judgment was upheld on certiorari to the superior court.

1.   The general law (Civil Code (1910), § 571) requires a bond of a county treasurer in a sum which, in the judgment of the ordinary, "will be double the amount of the county tax for the ensuing year, receipts from other sources, and cash on hand."  The amount of the bond of the treasurer of Dougherty county, if this code section is to govern, is considerably larger than the amount of the bond fixed in the local act.  As the local act was passed at a time when there was no constitutional restraint against special legislation upon a subject covered by a general law, the question for adjudication turns on the applicability of the local act of 1876 and the effect of the ruling by this court declaring that act unconstitutional in so far as it attempted to abolish the constitutional office of county treasurer.  See *Hall* v. *Tarver,* 128 *Ga.* 410 (57 S. E. 720).  The first section of that act abolished the office of county treasurer and devolved the duties on the clerk of the superior court of Dougherty county.  The second section fixed the compensation of the clerk and ex-officio treasurer.  The third section declared "that said clerk and ex-officio treasurer shall be required to give a bond of ten thousand dollars for the faithful performance of his duties, as is prescribed in section 266 of the Code of 1873."  Acts 1876, p. 325.  The section of the Code of 1873 referred to relates to the bond of the clerk of the superior court and the appointment of his deputy.  In the case of *Hall* v. *Tarver,* supra, it was held that the act was unconstitutional and inoperative, in that the General Assembly had no constitutional power to abolish the office of county treasurer.  In the first place, we do not think the local act applicable, because it did not purport to fix a bond for the holder of an office which it undertook to abolish.  Moreover, the primary object of the act being to abolish the office of treasurer, when that

purpose failed because of antagonism to the constitution, the whole act fell. The general law as to the amount of the treasurer's bond was applicable, and it was the treasurer's duty to give a bond as therein demanded.

2. It is further insisted by the plaintiff in error that when the ordinary fixed the amount of the bond at $10,000, it amounted to a legal determination that this amount fulfilled the requirement of § 571 of the Code, and that the successor of the ordinary who approved the bond was bound by the latter's official action. The penalty of the bond is fixed by the statute at double the amount of the county tax, receipts from other sources, and cash on hand. The penalty of the bond given by the treasurer was less than ten per cent. of the statutory penalty as determined by the ordinary. We do not think a county official can estop the county or the public by official action except as prescribed by law; and if the penalty of the bond as approved be other than that required by law, it is competent to require a new bond with a penalty as fixed by the statute.            *Judgment affirmed. All the Justices concur.*