In the Matter of the Application of VILLAGE OF LAKEWOOD, Petitioner, for a Mandamus Order against JAMES A. RUSSELL, Respondent.

Supreme Court, Chautauqua County, May 18, 1937.

*Alton R. Erickson*, for the petitioner.

*Brunstrom & Fletcher*, for the respondent.

HINKLEY, J. This is an application for a peremptory mandamus order.

Petitioner village asks that respondent, James A. Russell, be directed to deliver to the clerk of the village all books, records, etc., of the village which are in his possession.

The parties to this proceeding concede that there is no dispute of any material fact alleged in the petition and that as only questions of law are presented a peremptory mandamus order must issue or the petition be dismissed.

Respondent was on the 6th day of April, 1936, duly appointed treasurer of the village of Lakewood for a two-year term by the board of trustees of that village. The statute requires that every

village shall have a treasurer whose term of office shall be two official years. (Village Law, § 43.) At the time of his appointment respondent entered upon the duties of the office of treasurer and has ever since continued to so act. On April 5, 1937, the board of trustees adopted a resolution purporting *to abolish* the office of treasurer and consolidating that office with that of the clerk and attempted to transfer the powers and duties of the treasurer to the clerk. The trustees by further resolutions attempted to transfer all records of the treasurer to the clerk and increased the salary of the clerk. Other undisputed facts are not essential to this decision.

There is no authority vested in the trustees to abolish the office of treasurer, but authority does exist in the board to consolidate the office of clerk and treasurer. (Village Law, § 42.) The trustees, acting under the mandate of the statute (Village Law, § 43), appointed respondent treasurer for two official years. The power to consolidate the offices of clerk and treasurer (Village Law, § 42) must be read in connection with section 43 of the Village Law. There is nothing inconsistent in the two sections of the statute. It is the conduct of the trustees which is inconsistent. Having appointed respondent for a term of two official years as required by the statute, they cannot consolidate that office with that of clerk until such two-year period has expired.

Order of mandamus denied with costs in favor of the respondent in the amount of fifty dollars.