[Civ. No. 10898.  First Appellate District, Division Two.—September 19, 1939.]

STANLEY KELLY, Appellant, v. THOMAS J. KANE, as Controller, etc., Respondent.

Bullock & Manders for Appellant.

Gilbert D. Ferrell, District Attorney, and Daniel E. Sullivan, Assistant District Attorney, for Respondent.

STURTEVANT, J.—The petitioner has appealed from a judgment denying him a writ of mandate. His application for a writ was based on his claim that the defendant, as auditor, should have drawn a warrant in his favor for a full month's salary as purchasing agent of San Mateo County for the month of December, 1937. The defendant answered that the office of purchasing agent had been consolidated with the office of county executive and the tenure of the petitioner had been terminated. The appeal presents therefore solely a question of law.

Heretofore San Mateo County was organized under a charter. (Stats. 1933, p. 2953.) A county executive was promptly appointed and the petitioner was appointed purchasing agent on the 7th day of January, 1935. By the provisions of the charter the term of each was for four years. The petitioner duly qualified and entered upon the discharge of his duties. Thereafter the board of supervisors adopted ordinance No. 469 which by its terms provided for the con-

solidation of the office of purchasing agent with the office of county executive. That ordinance also provided that the compensation, powers, functions, and term of office of the purchasing agent should terminate on the date the ordinance took effect. Said ordinance took effect on the 30th day of December, 1937. The petitioner contends that since the last-mentioned date he has been illegally ousted therefrom.

■ It is the contention of the petitioner that as purchasing agent he was a constitutional officer holding a constitutional office and that before the expiration of his term he was in legal effect suspended and removed from his office. Neither contention, we think, has merit.

The Constitution makes no direct reference to the position of purchasing agent, however, in article XI, section 7½, subdivision 6, it is provided: "6. . . . All charters framed under the authority given by this section, in addition to the matters hereinabove specified, may provide as follows: For offices other than those required by the constitution and laws of the state. . . . " Pursuant to said provision the charter created the office of purchasing agent, fixed the term at four years, and provided the manner in which said office might be filled. Under these circumstances in no proper sense may it be said the office of purchasing agent was a constitutional office nor that the petitioner was a constitutional officer. (21 Cal. Jur. 828; see, also, *Wilkinson* v. *City of Birmingham*, 193 Ala. 139 [68 So. 999, 1000, 1001].)

■ As stated above the petitioner contends he was illegally ousted and in legal effect he claims he was suspended and removed. That contention tends to create a false issue. Article VI, section 11, of the Charter of San Mateo County, provides the "Method of suspension and removal of appointive officers." There is not a word in the record showing or tending to show that any proceeding whatsoever was had under said section. However, the record shows that ordinance No. 469 was regular in all respects and was limited to the subject of consolidating the office of purchasing agent with the office of county executive. "Suspension and removal" and "consolidation" are quite different. (*People* v. *Gunn*, 30 Cal. App. 114 [157 Pac. 619].) Presumably the ordinance was adopted in the interest of efficiency and economy. ■ Authority for its adoption by the board of supervisors was expressly conferred in article III, section 2,

subdivision (h). It confers on the board authority "To provide for the consolidation of any county office with any other county office, and for the segregation of consolidated county offices, provided, that no county offices which shall be consolidated in a specific provision of this charter may later be segregated by the board of supervisors under this general provision."

As we understand the parties, the proposition last stated is the crux of the controversy in the instant case. The petitioner asserts that the power to consolidate as expressed in subdivision (h) purports to authorize the consolidation of two elective county offices before the expiration of the terms provided by law and that such a power has been expressly denied. (*People* v. *Kelsey,* 34 Cal. 470.) To that assertion there are two sufficient answers. The record before us does not involve offices to be filled by election. If and when offices to be filled by election are to be consolidated, subdivision (h) can be given full force and effect by the enactment of an ordinance providing that the consolidation will take effect at the end of the term provided by law. When the offices to be filled by appointment are to be consolidated, subdivision (h) can be given full force and effect by the enactment of an ordinance not so limited.

That the provisions of subdivision (h) have the meaning we have indicated, seems to us to be clear. But, if there were a doubt on the subject, we would be forced to resolve the doubt against the petitioner for the following reason. It is a fundamental rule that a statute should be construed in the light of the history of the times and the conditions which prompted its enactment. The history and conditions which prompted the enactment of article XI, section 7½, of the state Constitution were fully delineated by Senator Caminetti, who was the author. A short time before the constitutional amendment was to be voted on, October 10, 1911, it was published at length. The reasons why it should be adopted were set forth in an extended written statement signed by Senator Caminetti which, by authority of law, was published therewith. That statement shows the constitutional amendment was an attempt to authorize changes in the methods of county government in the interest of efficiency and economy. One sentence is a summary of the entire statement. The senator said: "A county should be governed by the same rules by

which a discreet business man conducts his affairs.'' We assume the board of freeholders of San Mateo County had the sentence just quoted before it when it framed said charter.

The petitioner cites and earnestly relies on *Village of Lakewood* v. *Russell*, 163 Misc. 62 [296 N. Y. Supp. 331]. It is somewhat in point but contains a very materially different element which no doubt prompted the conclusion. The village law, Cahill's Consolidated Laws of New York (1930), chapter 65, was involved. By the terms of section 43 such villages are authorized to have a treasurer and clerk, the term of each being one year after the first Monday in April of each year. By section 58 each of those officers is required to execute an official bond or undertaking. By section 82 the duties of the clerk are specifically defined. By section 81 the duties of the treasurer are specifically defined. In section 42 it is provided: '' . . . In any village of the second, third, or fourth class, the board of trustees may, by resolution, consolidate the offices of clerk, treasurer and assessor, or any two of such offices.'' From the cited case we quote: ''On April 5, 1937, the board of trustees adopted a resolution purporting *to abolish* the office of treasurer and consolidating that office with that of the clerk and attempted to transfer the powers and duties of the treasurer to the clerk. The trustees by further resolutions attempted to transfer all records of the treasurer to the clerk and increased the salary of the clerk.'' (Emphasis ours.) Manifestly power to consolidate two offices does not imply power *to abolish* either office. Furthermore, the legislature having created the said offices, with it, and not with the board of trustees, rested the power to abolish, in the absence of clear legislative authority. (43 C. J. 602.) That rule obtains also in this state. (*Marquis* v. *City of Santa Ana*, 103 Cal. 661, 666 [37 Pac. 650].) But in the instant case the fact is two offices were *consolidated*—no office was abolished. (*Hall* v. *Burks*, 96 Ga. 622 [24 S. E. 349, 350].)

Still pressing the foregoing contentions and not waiving any one of them, the petitioner claims the consolidation could not legally be made to take effect before the end of his four-year term. He cites no provision of the Constitution supporting that claim, therefore it may not be sustained. The same claim was made in *City of Wyandotte* v. *Drennan*,

46 Mich. 478 [9 N. W. 500]. Judge Cooley, in rendering the decision, stated that the claim was frequently made and as frequently overruled. Again, the claim was made in *City of Jacksonville* v. *Smoot*, 83 Fla. 575 [92 So. 617]. On page 620 the Supreme Court of Florida said: ''It was within the power of the Legislature, therefore, to alter or amend the government of the city of Jacksonville, and if in doing so an office which existed under the old government was expressly or impliedly abolished, the incumbent cannot complain because the power of removal from office is incident to the power of appointment, and an office created by the Legislature may be abolished by the Legislature, *even during the term for which the incumbent was elected or appointed,* without violating any of his constitutional rights, in the absence of any constitutional limitation on the subject. Even when an officer, by reason of having been appointed for a definite term or by special statutory provision, cannot be lawfully removed except for cause after a full hearing, his office may be summarily abolished when the proper municipal authorities deem it advisable.'' (Emphasis ours.) In support of that statement the court cited authorities from many jurisdictions. To the same effect are: *Rogers* v. *Calumet Nat. Bank of Hammond,* 213 Ind. 576 [12 N. E. (2d) 261, 265]; *City of Jacksonville* v. *Smoot, supra; Booth* v. *Board of Education of City of Owensboro,* 191 Ky. 147 [229 S. W. 84]; *Hatfield* v. *Mingo County Court,* 80 W. Va. 165 [92 S. E. 245]; Throop on Public Offices, section 19, and notes.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1939.