# CHARLESTON.

## HATFIELD v. COUNTY COURT OF MINGO COUNTY.

Submitted February 13, 1917. Decided April 3, 1917.

1. OFFICERS—*Creation of Office—Abolition.*

    Any body or tribunal having power to create a public office has implied power to abolish it, in the absence of a limitation imposed by the authority conferring the power, or a prohibition in some law to which the creating body or tribunal is subject. (p. 167).

2. WEIGHTS AND MEASURES—*Appointment of Sealer—Statute.*

    A statute making sheriffs of counties *ex-officio* sealers of weights and measures, authorizing county courts to appoint sealers of weights and measures, whenever they shall deem it necessary, and making the terms of such appointed officers four years, when they are not appointed for some temporary purpose, does not create

such office. By its bestowal of power upon county courts to appoint to the office, when they deem its existence necessary, it impliedly and necessarily authorizes them to create it. (p. 167).

3.  COUNTIES—*Officers—Sealer of Weights and Measures—Term.*

The prescription of the term of the appointed officer, without words of limitation upon the implied power of abolition in the court, does not signify legislative intent to deny or withhold such power. Its context makes it provisional in character and it is operative only so long as the creating court sees fit to continue the existence of the office. (p. 167).

4.  OFFICERS—*Nature of Office—Annexation of Duties of Another Office.*

An office to which the duties of another are annexed remains technically a single office. It is not an office under its own name and title and another under the name of the one whose duties are annexed or transferred to it. (p. 167).

(MILLER and WILLIAMS, JUDGES, dissenting).

Mandamus by E. C. Hatfield against the County Court of Mingo County and others.

*Demurrer to alternative writ sustained, and writ quashed.*

*A. B. York,* for petitioner.

*Wade H. Bronson,* for respondents.

POFFENBARGER, JUDGE:

This proceeding by mandamus instituted by E. C. Hatfield claiming to hold the office of sealer of weights and measures of Mingo County, to compel the county court of that county to pay him the salary prescribed by its order entered, January 13, 1916, appointing him to that position, is resisted upon the ground that he no longer holds the office, because said order was, on January 10, 1917, rescinded and the office abolished by another order then entered.

If the order of January 10, 1917, was one of mere removal from office, it might be void for want of jurisdiction in the county court, since the power of removal of county and district officers is vested in the circuit courts. Code, ch. 7, sec. 7; *Helmick v. County Court,* 65 W. Va. 231; *Arkle v. Board of Commissioners,* 41 W. Va. 471.

A power of abolition of the office, however, is an entirely different thing, and the order seems to have been made upon the theory of existence thereof in the county court. The real inquiry raised by the demurrer to the writ, therefore, is whether the legislature has expressly or impliedly vested such power in that body, and this involves the further inquiry, whether the office was created by the legislature itself or by the county court, under authority so to do, delegated to it by the legislature. An office created by the legislature can be abolished by the legislature only. If that body conferred upon the county court authority to create it, such authority impliedly delegated power to that body, to abolish it *Ford* v. *Harbor Commissioners*, 81 Cal. 19; *In re Bulger*, 45 Cal. 553; *Augusta* v. *Sweeney*, 44 Ga. 463; *Koch* v. *Mayor*, 152 N. Y. 72; *Phillips* v. *Mayor*, 88 N. Y. 245; *Lloyd* v. *Smith*, 176 Pa. St: 213.

The statute involved upon the inquiry reads as follows: "Except in counties where the county commissioners shall appoint a sealer of weights and measures as hereinafter provided, the sheriff of the county shall be ex-officio county sealer of weights and measures in each county, and no fee shall be charged by him or by the county for the inspection, testing, or sealing or the repairing or adjusting of weights, measures, or measuring devices. Whenever the county comsioners of any county shall deem it necessary, they may appoint and fix the salary of one sealer and one or more deputy sealers of weights and measures. Such sealer or deputies, when not appointed merely for some temporary purpose, shall hold office for a term of four years from the date of their appointment, and all deputies shall háve the same power and may perform the same duties as the county sealer when acting under his instructions and at his direction." Barnes' Code, ch. 59, sec. 13.

Under this statute, in the absence of an appointment of a sealer of weights and measures by the county court, there is no such officer in any given county of the state. The duties thereof are performed by the sheriff, but he is not *eo nomine* sealer of weights and measures. He performs the public functions that a sealer of weights and measures would per-

form, if there were one, by virtue of his office, but his official and legal title is sheriff, and there is no person holding the distinctive title, sealer of weights and measures, nor drawing a salary as such. The duties are annexed to the office of sheriff and the service compensated for by the emoluments of the office of sheriff. The phrase *ex-officio*, is a short, convenient expression which enables the legislature, by the use thereof, to annex the duties of one office to another, and thus dispense with the services of what is deemed an unnecessary officer. In such case, it would be necessary, in order to effect the result, to set forth at length and in terms the duties transferred or annexed, if some short comprehensive expression would not suffice. In the absence of an appointment by the county court, there is neither technically nor practically a sealer of weights and measures. Nobody has the legal designation or title, nor occupies or maintains a separate office or draws a salary, under that title. To transfer the duties of one office to another is to abolish the former and a legislative act attempting to do so, in the case of a constitutional office, is void for that reason. *People* v. *Henshaw*, 76 Cal. 436; *Warner* v. *People*, 2 Dennis. (N. Y.) 272; *People* v. *Albertson*, 55 N. Y. 50.

As an appointment by the county court brings the separate office into existence and it cannot come into existence except by such appointment, the county court, of necessity, impliedly creates the office by making the appointment, and the legislature impliedly authorized creation thereof by conferring the power of appointment. When appointed, the sealer of weights and measures takes upon himself duties previously annexed to the office of sheriff, and receives a salary from the public treasury. He thereby necessarily becomes a public officer. It is impossible, therefore, for the county court to exercise the power conferred upon it, without an incidental creation of the office.

The statute confers express authority for creation of a temporary office, for it authorizes a temporary appointment. It prescribes a term of four years, in case of a permanent appointment, but it does not deny or withhold power to revoke such an appointment or abolish the office incidentally

created, in effecting it. The prescription of the term is intended to operate only in case the appointing body shall see fit to maintain the office permanently or for a longer period than four years. That the statutory prescription of the term, to operate pending the continuance of the office in the discretion of the body to whom the power of creation is delegated, does not impliedly or otherwise deny or withhold the power of abolition is well settled. *Halsey* v. *Gaines,* 70 Tenn. 316; *Lloyd* v. *Smith,* 176 Pa. St. 213.

Without deciding it, we assume, for the purposes of the decision, the constitutionality of the statute in question. If the legislature has no constitutional authority to delegate to a county court, power to create the office, there is no such office, and, consequently, no right to the salary. The validity of the statute is not questioned.

For the reasons stated, the demurrer to the alternative writ reciting the proceedings of the county court, involved, will be sustained and the writ quashed.

*Demurrer to alternative writ sustained, and writ quashed.*

MILLER, JUDGE, *dissenting;* WILLIAMS, JUDGE, *concurring:*

The foundation principle upon which the opinion of the court rests is that the statute, section 13, chapter 59, of the Code, does not create the office of county sealer of weights and measures, but merely authorizes the county court to create the office, with implied authority to also abolish the office at will.

I cannot give my assent to either horn of this proposition. I do not deny that if the first branch of the proposition be correct, the second should also be conceded, for as a general rule the power to create an office necessarily implies the power to also abolish it. The statute itself certainly creates the office of state sealer of weights and measures, though devolving the duties of the office upon the state commissioner of labor, who is required by section 4, of the statute, to execute a bond, conditioned for the faithful execution of his office, not of state commissioner of labor, but of state commissioner of weights and measures. Other sections of the statute call him state commissioner of weights and measures,

and give him authority to appoint deputies, fix their salaries, and take from them bonds. Does the Governor, given the power of appointment, have the power to abolish the office of state sealer of weights and measures? I think the statute could not be so construed.

And with respect to county sealers of weights and measures, it is true that section 13, of said chapter, devolves the duties of that office upon the sheriff, except in counties where the county commissioners shall appoint some one else to the office. The fact that in the absence of such appointment the duties of the office may be devolved upon the sheriff or upon some other officer for the time being, does not give power expressly or impliedly to create or abolish the office. The legislature has created the office and prescribed the duties thereof, and the term thereof, whenever the county commissioners elect to appoint one to the office. Once they have exercised that power the statute gives them no power or authority to revoke it, or to abolish the office, which the statute creates. It is conceded, upon authority, that if the legislature has created the office, the legislature alone can abolish it, for this involves legislative, and not executive, authority.

In Colorado a statute authorized the county commissioners to provide for additional justices of the peace in precincts of more than 20,000 inhabitants, when in their opinion the needs of the precinct should require it. It was held, construing it, that the statute was not an attempt to create the office of justice of the peace, or provide for the creation of such office, and that after the number thereof had been so increased it was not within the power of the county commissioners, under the act, to reduce the number, because there was nothing in the statute to authorize it. *Pueblo County Commissioners* v. *Smith*, (Colo.) 33 L. R. A. 465. And in Virginia it was decided that such power of appointment of additional justices when the public services required it was not an unwarranted delegation of legislative power. *Ex Parte Bassitt*, 90 Va. 679.

While the statute leaves it to the county commissioners to determine when to appoint another to the office of county sealer of weights and measures, the power of appointment

being exercised, the statute fixes the tenure or term of the office, and the county commissioners are given no power to revoke the appointment or remove the incumbent, either for political or other reasons, for that power is vested by law in the circuit court. *Helmick* v. *County Court,* 65 W. Va. 231, and cases cited.

To give the statute the construction given it by the majority would, it seems to me, render the act unconstitutional and void, as an unlawful delegation of legislative authority. *State* v. *Butler,* 105 Me. 91.

I am authorized to say that Judge WILLIAMS concurs with me in this dissent.