Marshall, C. J.
 

 This is an original action in this court, in
 
 quo warranto,
 
 to inquire by what warrant the defendant exercises and enjoys the office of chief justice of the court of common pleas of Cuyahoga county, and praying that this court adjudge that he be not entitled thereto, and that he be ousted therefrom. The defendant demurs to the petition, and the petition and the demurrer thereto present for the consideration of this court three legal questions:
 

 
 *384
 
 (1) Whether the amendment to Section 1558, General Code, enacted March 13, 1923 (110 O. L., 52), is a law of a general nature, and, if so, whether it has uniform operation throughout the state, and whether it contravenes the provisions of Section 26, Art. II of the Ohio Constitution.
 

 (2) Whether that amendment creates an “office” and provides for filling the office otherwise than by election, and therefore contravenes the provisions of Section '2, Art. X, and Section 10, Art. IV, of the Ohio Constitution, and also whether it is such “other office” as a judge of the common pleas court cannot hold by reason of the provisions of Section 14, Art. IV of the Constitution.
 

 (3) Whether it contravenes the provisions of Section 14, Art. IV, which forbid diminishing the compensation of a judge of the court of common pleas during his term of office.
 

 The first of these questions will receive first consideration.
 

 The question whether any law is of a general nature is not easily answered by any rule, but each law is necessarily in a measure
 
 sui generis.
 
 Counsel on both sides apparently agree that this law is of a general nature. Without attempting to • lay down a rule for guidance of future cases wo are content to observe that the subject-matter of this law is general, inasmuch as it relates to the administrative functions of courts of justice. It has specific application to judges of courts of common pleas, and all counties of the state have common pleas courts and common pleas judges. We entertain no doubt that this act is of a general nature. The only question on this branch of the
 
 *385
 
 case which challenges onr serious consideration is whether or not it has uniform operation throughout the state.
 

 By its terms it applies only to those counties having two or more common pleas judges, and in ferentially and necessarily applies to all counties which may hereafter have more than one common pleas judge. The fact that the majority of the counties of the state have only one common pleas judge, and that there is therefore nothing upon which the act can operate in those counties, is not by any means conclusive of this inquiry. 'Section 26, Art. II of the Constitution, was not intended to render invalid every law which does not operate upon all persons, property or political subdivisions within the state. It is sufficient if a law operates upon every person included within its operative provisions, provided such operative provisions are not arbitrarily and unnecessarily restricted. And the law is equally valid if it contains provisions which permit it to' operate upon every locality where certain specified conditions prevail. A law operates as an unreasonable classification where it seeks to create artificial distinctions where no real distinction exists. It is true that in some counties of the state there is only one judge while in other counties there are two or more judges. This is a condition which has prevailed for many years, and this act which is now before us for construction has nothing to do with creating those unequal conditions. The act in question merely recognizes existing conditions and makes provision for dealing with those unequal conditions in a rational way rather than attempt
 
 *386
 
 to compel its application to conditions where the rule could have no possible operative effect.
 

 In Cuyahoga county there are 12 resident judges, and a number of other judges from other counties are constantly sitting by designation. Many thousands of cases are filed, heard, and decided each year in that county. Each judge has authority to hear and decide causes independently of the action and concurrence of all other judges, and in each instance the decision becomes the judgment of the court. Manifestly there could be no efficiency without system and elaborate administrative machinery. In 78 counties of the state there is a single resident judge, and in many counties a single judge is able to dispose of all business with little system or administrative machinery. In some counties an entire term transpires without the trial of a single jury cause. There is no economy or sound policy in installing a machine where it is not needed, or in providing one not designed to render the character of service required. Eobinson Crusoe had no need of an • elaborate machine shop to manufacture umbrellas in quantities, because he needed only a single umbrella.. The trip hammer or the punch press cannot be employed in the manufacture of cloth, and the weaver’s loom cannot be utilized in a steel mill. Without submitting any rule as a sure and final test of “uniform operation” it may be stated that a law should be capable of having force and operation in every part of the state upon every person and thing in the state. If a law is sufficiently general in its terms to comprehend all localities, persons, and things, it
 
 *387
 
 is not defeated and rendered void because there are certain localities in the state where conditions are such that there is no person or thing to which the law can be applied.
 

 If this law were to be nullified upon such a theory, it would logically result that all laws relating to mines and mining are also invalid, because in certain counties there are no mines in operation. Very few laws have universal application to all persons and forms of property. Section 1558, General Code, as amended (110 O. L., 52), is peculiarly free from the taint of lack of uniform operation, because of the latitude given the Legislature by Section 3, Art. IV of the Constitution.
 

 The Constitution itself makes provision for additional judges in each county, as may be provided by law, and that provision would be impotent indeed if the Legislature could not provide the administrative machinery which will permit two or more judges in any county to organize for cooperation and co-ordination of effort. The provisions of this law relate solely to matters of administration, and not in the remotest degree to the jurisdiction of the court.
 

 The question of uniform operation of statutes has been considered by this court in many cases; but it would not be profitable to review the former declarations of this court, because each case is founded upon separate and distinct facts and those decisions cannot go much farther than to merely declare that upon the facts and circumstances of those particular eases the legislation is valid or invalid, as the case may be.
 

 
 *388
 
 Counsel for relator has cited the following cases:
 
 Kelley
 
 v.
 
 State,
 
 6 Ohio St., 269;
 
 Meyer
 
 v.
 
 Dempsey, Trustee,
 
 62 Ohio St., 637, 58 N. E., 1100, and
 
 State, ex rel.,
 
 v.
 
 Ritchie,
 
 97 Ohio St., 41, 119 N. E., 124.
 

 In those cases the laws therein discussed related to the jurisdiction of the court, and not to the powers and duties of a single judge in a county having several judges. We find nothing in Section 1558, Gleneral Code, as amended, which relates even remotely to the jurisdiction of the court. The law provides that one of the judges may be selected to perform certain specified additional duties, and that for the purpose of distinguishing him from the other judges of the court in and about the discharge of those duties he shall be called a chief justice. All those additional duties are purely administrative and not judicial. It is assumed that as to all other orders and judgments entered by him he acts under the title of judge, and that as to all administrative duties under this section he acts under the title of chief justice. The act requires him to make certain reports, and the act also requires each of the judges of such a court to make certain reports, and all such reports are administrative acts as distinguished from orders and judgments made in pending causes.
 

 This court has many times upheld the power of the Legislature to impose additional duties and functions upon existing offices, but it is not necessary to cite or discuss any of them except the case of
 
 State, ex rel. Hogan, Atty. Gen.,
 
 v.
 
 Hunt,
 
 84 Ohio St., 143, 95 N. E., 666, in which principles were declared which are absolutely decisive
 
 *389
 
 of the instant controversy. We quote the third syllabus:
 

 “Neither Section 1539, 1540, nor 1687, of the General Code, nor all taken together, constitute the judge therein designated as supervising judge, an officer holding an office separate and distinct from his office as jndge of the court of common pleas. Such designation is mere
 
 descriptio personae.
 
 And there being no such public office as supervising judge, there can be no intrusion by any one into such alleged office. Hence,
 
 quo warranto
 
 will not lie to oust such alleged intruder. This court, therefore, has no jurisdiction of the action sought to be brought.”
 

 The only distinction between that case and the instant case is that in the one the title “supervising judge” is employed and in the other the title “chief justice.”
 

 This question has been argued as a constitutional question, involving the power of the Legislature to thus amend Section 1558, General Code. If the additional duties prescribed by Section 1558 are incidental and inherent in the court in order to enable it to discharge its duties with system and dispatch, then no constitutional authority is necessary. But if those duties are more than incidental, and extend beyond its inherent power, then we are of opinion that constitutional authority is found in Section 18, Art. TV:
 

 “The several judges of the Supreme Court, of the common pleas, and of such other courts as may be created, shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law.”
 

 
 *390
 
 The scope and breadth of that section is obvious and an analysis of its provisions is wholly unnecessary.-
 

 The second question for determination is whether an office is created and provision is made for filling it otherwise than by election. It has been found impossible to discuss the first proposition without at the same time discussing the second. We have already found in discussing the first proposition that the mere fact of imposing additional duties does not create an office, and so long as the judges of the court merely select one of their number for the discharge of such additional duties it is clear that there has been no transgression of Section 2, Art. X, Section 10, Art. IV, or Section 14, Art. IV. The respondent in this case having been selected by his associates, and not having been “nominated and elected as chief justice of said court,” we are of the opinion that we have no power to determine the validity of the title of one who may be nominated and elected as chief justice after the expiration of respondent’s term of office. In the event that respondent or any other person should accept a nomination and be elected to the office of chief justice of a court of common pleas, that court being a constitutional court and the Constitution having made no provision for any member of that court other than a judge, a serious question would be presented, which would have to be disposed of in a
 
 quo warranto
 
 suit thereafter filed.
 

 It may be suggested that there will be another session of the Legislature before that question can possibly arise, and that the matter can easily be
 
 *391
 
 obviated by proper legislation and there should therefore be no necessity for judicial determination.
 

 Upon the third of the questions herein submitted, it should be stated that no judge has yet been denied any part of his compensation by reason of the failure to make proper reports, and 1hat this court is without authority to determine that question except at the suit of a judge whose compensation has been limited or denied.
 

 Judgment for respondent.
 

 Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.