# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 661

#### LYON v. STATE

Ohio Appeals, 6th Dist., Huron Co.

No. 209.   Decided Aug. 5, 1926

Judges Shields and Houck, 5th Dist., and Cushing, 1st Dist., sitting.

792. MOTIVE—Evidence of other crimes properly admitted for purpose of showing motive.

225. CHARGE TO JURY—Where indictment charges murder in the first degree, it is not error for the court to refuse to charge on assault and battery and assault in its general charge, for such charge would be inconsistent with that in the indictment.

841. NEW TRIAL—A motion for a new trial on ground of misconduct of juror must be supported by an affidavit stating that neither defendant nor his counsel had knowledge of the act complained of prior to the qualification of the juror.

908. PEREMPTORY CHALLENGE—The order in which peremptory challenges shall be exercised is in the discretion of the court when the subject is not covered by statute.

CUSHING, J.

James Lyon and his brother were accused of having entered the office of the American Railway Express Co. at Norwalk, Ohio; and having stolen a sum of money and certain other property of the Company. A warrant was issued for the arrest of the brothers and a search warrant was also issued, authorizing a search for the stolen property on the premises inhabited by the Lyon brothers.

Two deputy sheriffs accompanied by two members of the police department of the Company visited the home of the Lyon brothers and were told by Leonard Lyon that his brother James was away at the time. Thereupon two of the officers ascended the stairs to James' room, for the purpose of searching for the stolen property and were met by James, who with a revolver in his hand ordered them to descend the stairs. There was a tussle on the stairs between James and Frank Mc-Grath, of the Company's police department, and in the midst thereof James fired several shots which entered McGrath's body causing his instant death.

The brothers escaped but were later apprehended and were indicted on three counts for murder in the first degree. James Lyon was tried on the first and second counts and the jury in the Huron Common Pleas returned a verdict of guilty without a recommendation of mercy; and the court sentenced him to be electrocuted.

Error was prosecuted from this judgment and Lyon claimed that McGrath was shot by one of the accompanying officers. Errors assigned by Lyon were that the state was permitted to offer evidence of other crimes with which Lyon was charged; refusal of the court to charge on the question of assault and battery and assault; that a certain juror was not qualified and that the overruling of a peremptory challenge to another juror was error.

The Court of Appeals held:

1. It is proper to offer evidence of other crimes of which the defendant has been guilty for the purpose of showing motive.

2. Lyon's motive in killing McGrath was to escape arrest and conviction of other numerous burglaries and larcenies; for when he saw the officers he had reason to believe they were after him for the commission of some crime.

3. The court did not err in refusing to charge on assault and battery and assault in its general charge, for when death follows from the use of a deadly weapon the trial court should not charge on this question since such charge would be inconsistent with the charge in the indictment.   109 OS. 384.

4. It is claimed that one Liles was guilty of misconduct to the prejudice of the defendant in that he concealed from the court that some time prior to the trial he accepted a wager of a box of cigars on the result of the trial.

5. Liles, in a reply affidavit, stated that the incident had passed from his mind completely, and this court is of the opinion that Liles was truthful in his statement and was an honest and fair juror.

6. Lyon failed to state that he or his attorney did not have information of the act of which they complain prior to the qualification of Liles as a juror, this being essential to support a motion for a new trial.

7. As to peremptory challenges, the trial court laid down the rule that the defendant could exercise four or be charged with four, and the state one or be charged with one until the amount allowed by law had been thus used.

8. The record discloses that the defense exercised its first four peremptory challenges; state exercised one; defense passed its second four; state exercised one; defense passed its third four; state exercised one; defense passed its fourth four; state exercised one; and under the rule, the defense was charged with 16 peremptory challenges.

9. At the time one Wood was challenged peremptorily and same was overruled; and defendant claims that by the rule governing the challenges, error sufficient to warrant a reversal of the judgment was committed.

10. Where the subject is not controlled by statute, the order in which peremptory challenges shall be exercised is in the discretion of the court.

11. Lyon had a fair and impartial trial; the verdict is sustained by evidence beyond a doubt; the court did not err in failing to charge on assault and battery and assault; the juror Liles was a qualified juror; the jury was selected according to law; and judgment of the trial court is affirmed.

Judgment affirmed.

Attorneys—M. O. Rettig, Toledo, for Lyon; Edgar G. Martin, Pros. Atty., and Frank Carpenter, Assistant, Norwalk, for State.