By the Court.
 

 Eight of the nine judges of the Common Pleas court of Hamilton county met in joint session December 29, 1927, pursuant to a call of the common pleas judge then acting as presiding judge. At that meeting a certain resolution providing that there should be designated a chief justice of the Court of Common Pleas of said county, who should perform the administrative duties therein enumerated, in addition to those imposed by statute, was adopted by the affirmative vote of five of saijd judges. Thereafter Frederick L. Hoffman, one of
 
 *547
 
 the duly elected, qualified, and acting judges of said court, was by an affirmátive vote of six of said judges delegated to perform said duties and designated chief justice. This action was taken pursuant to the provisions of Section 1558, Greneral Code, and thereupon said Frederick L. Hoffman undertook to perform the duties of chief justice, as provided in said section.
 

 Thereafter, on March 26, 1928, at a joint session attended by the nine common pleas judges of Hamilton county, a motion to rescind the resolution above referred to was adopted by vote of five judges, with three judges against, and one not' voting. On April 13, 1928, Frederick L. Hoffman, as chief justice of said Common Pleas Court, in writing requested Chester K.. Shook, one of the common pleas judges of said county, to make report in writing of the duties performed by him as judge of said court for the months of January, February and March. Compliance with such request was refused. Whereupon an original action was instituted in this court .by the prosecuting attorney of Hamilton county, and he seeks an order requiring the defendant to make the written report demanded.
 

 . At the same time another action in mandamus was instituted in this court by the prosecuting attorney of Hamilton county wherein Frederick L. Hoffman, judge of the Common Pleas Court of Hamilton county, is named as defendant, setting forth in substance the facts above stated, with the further allegations that upon, after, and by reason of the action of the judges of said court rescinding' the resolution providing for the designation of a chief justice, said Frederick L. Hoffman has failed
 
 *548
 
 and neglected to exercise the duties of chief justice in accordance with the provisions of said Section 1558, General Code, and has failed, neglected, and refused to classify and distribute certain cases among the judges, as required by law, in which cases the relator as prosecuting attorney represents the state of Ohio. In that action the relator prays for a writ of mandamus commanding the defendant to exercise the general superintendence of the business of the Court of Common Pleas of Hamilton county, and to classify and distribute such pending cases among said judges.
 

 In the first case it is sought to compel one of said' judges therein named to make report to the judge theretofore designated as chief justice, who, it is claimed in the second case, has since March 26, 1928, refused to act as chief justice, and a writ is sought therein to compel him to perform the duties of chief justice.
 

 Immediately after the adoption of the resolution rescinding the previous designation of chief justice, said judges proceeded to elect Thomas H. Darby, one of their number, as presiding judge. Since that time he has acted as presiding judge and performed all the duties thereof, including the distribution of the business of the court among the judges, and there is no claim of inability to procure the trial of any case or that the business of the court is in any manner delayed or disturbed by reason of the fact that it is under the supervision of one of their number designated as presiding judge instead of chief justice.
 

 Our conclusion upon the issues involved makes unnecessary any further statement of facts pre
 
 *549
 
 sented by the record, or of the several contentions of the parties, in some instances unfortunately acrimonious.
 

 We are of opinion that unless the provisions of the statute referred to are mandatory and clearly enforceable by mandamus it would be inadvisable to attempt to compel'adherence to a system, which, being objected to by a majority of those affected thereby, would serve to impede rather than expedite litigation.
 

 The act of the legislature (Section 1558, General Code) does not create or provide for the creation of a new office; it merely provides that by action of the common pleas judges of a county having more than two common pleas judges certain administrative duties may be assigned or delegated to, or additional duties imposed upon, one of their number whom they may designate chief justice.
 
 State, ex rel. Stanton. Pros. Atty.,
 
 v.
 
 Powell,
 
 109 Ohio St., 383, 142 N. E., 401.
 

 In our opinion the continuance of the system so providing for the administration of the business of the court, as well as the adoption, change, or modification thereof, is, under said Section 1558, General Code, entirely optional with the majority of the common pleas judges of said county, and for that reason a writ of mandamus is denied in each case.
 

 Writs denied.
 

 Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Kinkade, J., not participating.