## STEWART v STATE

Ohio Appeals, 4th Dist, Ross Co

Decided May 11, 1929

F N R Redfern, Adelphi, for Stewart.

Howard Goldsberry, Pros. Atty., Chillicothe, for State.

Before Judges HOUCK & LEMERT (5th Dist) and MAUCK (4th Dist)

BY THE COURT

The only question in the case is whether under the law and the facts the state proved that averment of the indictment which charged that the check was issued "with intent to defraud". The record shows that the check was handed to Weaver in satisfaction of a debt then owing him by Stewart. The courts of different states have taken different positions upon the questions as to whether an intent to defraud could be shown when the party issuing it was acquiring no new right or no new property but was only undertaking to satisfy an old obligation. It is not necessary to discuss the divergent views of different courts upon this question in view of the position taken by our Supreme Court in **State v. Lowenstein, 109 OS. 383.** In that case our court holds that the mere fact that the check was given for a past consideration does not show that the intent to defraud was absent. The court says:

"In the issuing of a check for a past as well as a present consideration the question whether or not the intent to defraud exists is a question of fact, and hence for the jury."

Under the Lowenstein case therefore the accused was not entitled to a discharge as a matter of law. His intentions in the premises had to go to the jury.

This leaves no question of law for determination and the judgment must stand unless this court unanimously find the verdict to be against the weight of the evidence. Two of the judges (Mauck, J. and Lemert, J.) are of the view that the verdict and judgment are contrary to the weight of the evidence. One of the court (Houck, J.) does not concur in this view. It follows that the judgment is affirmed.