We recommend that the mandamus prayed for herein be refused.

CURETON, C. J.

The opinion of the Commission of Appeals is adopted, and mandamus refused.

## FIRST BAPTIST CHURCH v. CITY OF FORT WORTH.
### No. 1183—5513.

Commission of Appeals of Texas, Section B.
April 9, 1930.

S. C. Padelford and B. F. Bouldin, both of Fort Worth, and Trulove & Frazee, of Amarillo, for plaintiff in error.

R. E. Rouer, City Atty., and R. M. Rowland, both of Fort Worth, Frank Coates, of Houston, and Robert B. Young, Jr., J. M. Floyd, and Smith & Rowland, all of Fort Worth, for defendant in error.

LEDDY, J.

Plaintiff in error complains of the action of the Court of Civil Appeals [17 S.W.(2d) 130] in affirming a judgment against it in favor of the city of Fort Worth for taxes due said city for the year 1925.

It is insisted that the assessment of plaintiff in error's property for the year for which recovery was awarded is void, because at the time such assessment was made W. T. Macy, the officer assessing same, was attempting to hold two offices of emolument in violation of article 16, § 40, of the Constitution of this state, in that he was assuming to act as assessor and collector of taxes for the city of Fort Worth and also for the Fort Worth independent school district.

If the position occupied by Macy with the Fort Worth independent school district was an office of emolument within the contemplation of the above provision of the Constitution, then he, by accepting such office, vacated the office of assessor and collector of taxes for the city of Fort Worth, and the assessment in question would be void. Biencourt v. Parker, 27 Tex. 558; Odem v. Sinton Independent School District (Tex. Com. App.) 234 S. W. 1090.

Does the law incorporating the Fort Worth independent school district create an office of emolument, to wit, assessor and collector of taxes for such district? An examination of the act discloses that it does not attempt to create the office of assessor and collector of taxes for the school district, nor does it authorize the governing body of such district to create such office. In lieu of creating the office, the act provides that "the assessment and collection of the taxes of the district hereby created shall be made by the assessor and collector of the city of Fort Worth, who shall make assessments of all the real, personal and mixed property located in said district," etc. Chapter 230, Local & Special Laws 39th Leg. (1925) p. 674.

The effect of the act in question is merely to impose additional duties upon the assessor and collector of taxes of the city of Fort Worth. It is not shown that this officer received any added compensation to that paid by the city for the performance of the additional duties thus placed upon him. Even if he had been allowed such compensation, it would not follow that the Legislature was creating a new office. No sound reason exists why the Legislature could not impose additional duties upon this officer and increase his compensation accordingly.

"The imposition of additional duties," says Corpus Juris, vol. 46, p. 934, § 29, "upon an existing office, to be performed under a different title, does not constitute the creation of a new office." The same authority further says: "An office to which the duties of another are annexed remains technically a single office; it is not an office under its own name and title and another under the name of the one whose duties are annexed to it." See, also, Allen v. Fidelity Co., 269 Ill. 234, 109 N. E. 1035; Hatfield v. Mingo County Court, 80 W. Va. 165, 92 S. E. 245; State v. Powell, 109 Ohio St. 383, 142 N. E. 401.

Plaintiff in error insists that, because the duties performed by Macy were those pertaining to sovereignty, an office was necessarily created for the Fort Worth independent school district. The nature of such duties would not be determinative of whether an office was created, as the Legislature may, if it elects to do so, require an incumbent in an existing office to perform additional duties in-

volving the exercise of such powers. The assessor and collector of taxes of the city of Fort Worth is a public officer, and, in the absence of any constitutional limitation, the Legislature might impose upon him the performance of such of this character of duties as it deemed proper.

An assumption that the Legislature did in fact create the office of assessor and collector of taxes for the Fort Worth independent school district will show the fallacy of plaintiff in error's contention. The acceptance of the supposed office by Macy after he had already qualified as assessor and collector of taxes for the city of Fort Worth would operate to vacate the city office. This would leave him acting as assessor and collector of taxes for the Fort Worth independent district. Under such circumstances, he would be an officer who was not required to take an oath of office; there would be no provision in the law fixing his tenure or compensation, nor would there be any provision as to whether he should be elected by the voters of the district or appointed by the board of trustees. In other words, the assumed position would be lacking in all the principal essentials required to constitute a position a public office.

■■ It is clear, we think, that the act does not create the office of assessor and collector of taxes for the school district, nor authorize the board of trustees to create such office, because such board is not authorized under the terms of the act to fix either the tenure or compensation of such office. The compensation of a public officer must be fixed by the Legislature, or by some governing body expressly authorized so to do.

Plaintiff in error vigorously contends that the cases of Odem v. Sinton Independent School Dist. (Tex. Com. App.) 234 S. W. 1090, and Jenkins v. Autry (Tex. Civ. App.) 256 S. W. 672, are decisive of the proposition that Macy was attempting to hold two offices of emolument in violation of the constitutional provision. Each of the cases relied upon is readily distinguishable from this case, as the facts therein are materially different from those shown by this record. In the Odem Case, the act incorporating the district expressly created the office of assessor and collector of taxes, and required the board of trustees to fill the office by appointment. They attempted to do so by appointing one G. L. Collum, who was at the time the assessor and collector of taxes of the town of Sinton. Under this state of facts the court properly held that Collum was attempting to hold two offices of emolument.

In the other case relied upon, while the act did not create the office of assessor and collector of taxes for the district, it did expressly authorize the board of trustees to assess and collect taxes through its own assessor and collector, or to have the same collected by the county assessor and collector. The board did not see fit to avail itself of the privilege of having the district taxes collected by another officer, but elected to assess and collect the same by its own officer. In pursuance of such plan, it named as assessor and collector of the district a person who was holding an office of emolument, and the court, of course, held that such person was attempting to hold two offices of emolument in violation of the constitutional provision, as the board had under express legislative authority created the office of assessor and collector of taxes for the district.

■ The act in question did not create the office of assessor and collector for the Fort Worth independent school district, nor did it authorize the trustees to create such office, as it contained no provision authorizing such district to assess and collect taxes by its own assessor and collector. On the other hand, it expressly required that the school district should have its taxes assessed and collected by the assessor and collector of the city of Fort Worth, with the further provision that, should such method be held invalid, then such taxes should be assessed and collected by the county assessor of Tarrant county. No authority whatever can be found in the law creating the school district which would entitle the district to have its taxes assessed and collected by its own officer. In the absence of such provision, no such office existed.

■ Plaintiff in error contends that the certificate of W. T. Macy as assessor and collector of the city of Fort Worth to the tax rolls of said city was insufficient to make the same admissible in evidence; that the rolls when completed belonged to the city of Fort Worth, and should have been certified to by the city secretary.

Under article 3720, Rev. St. 1925, copies of any records of a public office certified to under the hand, and the seal if there be one, of "the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible." The tax rolls were prepared by the assessor and collector of taxes, and were therefore a part of the records of his office. It is true the city was the owner of these records, but the assessor and collector was the lawful possessor thereof within the meaning of the statute; hence his certificate to such rolls rendered them admissible in evidence.

We think the remaining questions urged in the Court of Civil Appeals by plaintiff in error were properly determined by that court, and it is unnecessary that we discuss them here.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.