## VALDEZ v. CITY OF LAREDO.

### No. 8468.

Court of Civil Appeals of Texas    San Antonio.
June 25, 1930

M. J. Raymond, of Laredo, for appellant.
Bismark Pope, of Laredo, for appellee.

SMITH, J.

In the year 1916 H. F. Valdez constructed an opera house on a lot owned by him in the city of Laredo. The lot and building were assessed for taxes by the city for the year 1917. Valdez contended that the building had not been completed by January 1, 1917, and that therefore, under a custom of the city, was not assessable for that year. In pursuance of this contention he tendered the amount of the taxes admittedly due on the lot, but the city refused to accept a less amount than that assessed against both lot and building, and filed suit therefor. Valdez answered contesting the assessment against his building. Pending disposition of this suit, the controversy was taken up with the city council, who adopted a resolution in which it was recited, upon Valdez's representation, that the building was not completed by January 1, 1917, and was therefore erroneously assessed for taxes that year. Upon this recitation the council ordered the suit against Valdez to be dismissed, which was done upon the latter's agreement to pay the court costs. Four or five years later the controversy again arose, and the city attorney advised Valdez that, in order to avoid another suit for the taxes involved, he should pay said taxes, and then make application to the council for a refund of the taxes upon the building, and that such refund would be made by the city upon a showing that the building was not complete on January 1, 1917. In response to this proposition, Valdez paid the taxes, and presented a petition for a refund, which was refused by the council. He then brought the instant suit to recover the amount of taxes paid the city upon the assessment against the building. He has brought this appeal from a judgment, based upon a directed verdict, denying him any recovery.

It is obvious that the city council had no power to exempt appellant or his property from taxes lawfully assessed, and this appeal must rest, after all is said, upon the question of whether appellant's building comprised taxable property. Appellant rests his case primarily upon the contention that the building was not in a completed state on January 1, 1917, and that, under a custom of the city, incompleted improvements were not taxable; that, under such custom, the city was obligated to refund said taxes upon appellant's petition to the council. It is not necessary to determine if the city would or could be bound to remit taxes by reason of any custom established by the city council, for there is no evidence in this case of the existence of such custom.

We are relegated, then, to the controlling issue. The building in question was constructed as an "opera house." It was so far completed by the middle of November, 1916, as to constitute such building, for at that time appellant obtained a permit or license for its use as such, and in fact then began operating it as an opera house, and continuously thereafter operated it for that purpose. Therefore, even under appellant's own contention it constituted a completed structure, and was properly taxed.

Appellant contends that the city was bound by the recitations in the resolution mentioned, that the building was incomplete, and was therefore improperly assessed, and was further bound by the dismissal of the first suit upon that basis. But those actions of the council were induced by appellant's represen-

tations concerning the status of the building, whereas the city could be bound only by the true facts.

■ So does appellant contend that he was induced to pay the taxes upon the city attorney's assurance that they would be refunded upon appellant's petition to the council. But the assurance of the refund was expressly conditioned upon a showing by appellant that his building was in an incomplete state and therefore not subject to assessment. Failing in that showing, he was not entitled to the refund.

The judgment is affirmed.