

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~

Honorable Andrew J. Hickey
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-1709
Re: Assessing for taxes buildings
partly completed on January
first.

We are in receipt of your letter of November 15, 1939 in which you
request an opinion of this Department as to whether or not buildings partly
completed on the first day of January should be assessed for taxes covering
the part of the building that was completed.

Article 7145 of the Revised Civil Statutes provides as follows:

"All property, real, personal or mixed, except such as may be hereinafter
expressly exempted, is subject to taxation, and the same shall be render-
ed and listed as herein prescribed."

Article 7146 of the Revised Civil Statutes provides as follows:

"Real property for the purpose of taxation shall be construed to include the
land itself, whether laid out in town lots or otherwise, and all buildings,
structures and improvements,or other fixtures of whatsoever kind thereon,and
all the rights and privileges belonging or in anywise appertaining thereto,
and all mines, minerals, quarries and fossils in and under the same."

It is to be noted that Article 7146, supra, does not limit the defini-
tion of real property to include only lands and buildings, but also includes
structures and improvements or other fixtures of whatsoever kind.  There can
be no doubt but that this legislative definition of real property is suffici-
ently broad to cover and include the value of an improvement on land, which
improvement is a partly completed building.

We are unable to find any case in Texas which direcly decides this
point.  However, the following quotation from the case of Valdez v. City of
Laredo, 29 S.W. (2d) 802, is interesting:

"Appellant rests his case primarily upon the contention that the building
was not in a completed state on January 1, 1917, and that, under a custom of
the city, incompleted improvements were not taxable; that, under such cus-
tom, the city was obligated to refund said taxes upon appellant's petition

Hon. Andrew J. Hickey, Page 2 (O-1709)

to the council. It is not necessary to determine if the city would or could be bound to remit taxes by reason of any custom established by the city council, for there is no evidence in this case of the existence of such custom."

While the San Antonio Court of Civil Appeals in this case does not directly pass upon our point here, the Court's language indicates that had the building been partly completed as of January 1, if it was to be tax exempt, it could only be so by reason of a custom established by the City Council of Laredo and not by operation of law. The Court refuses to pass on the validity of the adoption of such a custom.

In the case of Esto Real Estate Corporation v. Louisiana Tax Commission, 129 Southern 117, the Supreme Court of Louisiana considered a contention that an apartment building was not subject to taxation as a part of real estate because the same was only partly completed as of January 1. The Court overruled the contention and stated as follows:

"There is no reason why the incomplete building should not have been assessed for taxes as a part of the real estate. The admission in the plaintiff's petition that the building was one-fourth completed and would be worth $90,000 when completed, with the alternative demand for a reduction of the assessment to $13,500, if it should be held valid, was an admission that the incomplete building was property of some value."

A like contention was made to the Supreme Court of Illinois in the case of People ex rel McDonough, County Collector v. Marshall Field and Company, 189 N. E. 885. In holding a building partly complete to be subject to assessment for taxes, the court stated as follows:

"In Michigan-Grand Building Corp. v. Barrett, 350 Ill. 291, 183 N. E. 205, 209, the taxpayer sought to evade payment of taxes on a seventeen-story building under construction on the ground that it was not under roof on April 1 of the taxpaying year. It was alleged that it was the practice of the board of assessors to omit such uncompleted buildings from assessment. We held that 'during the year between April 1, 1929, improvements were placed on appellant's property, and it therefore in 1929 became the duty of the board of assessors to determine the amount, in its opinion, of any change in the value by reason of the improvements thereon and add to the assessment accordingly.'

"Approdimately $22,000,000 had been expended on appellant's building prior to April 1. It was occupied by twenty-two tenants within the ensuing sixty days. It cannot be said that on April 1 the building was of no value or that it did not add to the market value of the land. The record conclusively shows that the improvement was assessable."

It is the opinion of this Department, therefore, that land upon which a building is partly completed on the first day of January is subject to be assessed for taxes at a valuation which includes the partially completed structure.

BG:RS:egw
APPROVED DEC. 8, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE, BWB CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Billy Goldberg
Assistant