

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11. TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 23, 1965

Honorable W. W. Heath,
Chairman
Board of Regents
The University of Texas
Austin, Texas

Opinion No. C-550

Re: Whether service on a State
or Federal board or com-
mission by a member of the
faculty or administration
of The University of Texas
is in violation of the common
law rule of "incompatibility"
or in violation of either
Section 12, 33 or 40 of
Article 16 of the Texas Con-
stitution, where the Board
of Regents of the University,
acting pursuant to certain
powers delegated to it by the
Legislature, has required the
member to serve on the board
or commission as an additional
duty of his employment by the
University and has found as a
fact that the member's service
on the board or commission is
compatible with his employment
by the University and is a
benefit and advantage to the
University and to the State

Dear Mr. Heath: · of Texas.

You have requested our opinion on the above captioned
matter.

We have very recently had occasion to re-examine the
applicable Texas Constitutional provisions and case authorities
generally applicable to the factual situation presented by your
request in Attorney General's Opinion No. C-527, dated October
15, 1965, a copy of which we attach hereto.

You advise that the boards or commissions upon which the
service is to be performed "vary widely as to characteristics,"
that some involve the taking of oaths, some having definite

-2642-

tenure, etc., but none possess and perform sovereign powers of government. We do not regard any one or even several of such characteristics or conditions of an office or position of honor, trust, or profit as being determinative. But generally such service as you have described would not appear to be prohibited under the facts presented. It is our conclusion that, as shown by the authorities set out in our Opinion No. C-527, members of the faculty or administration of the University of Texas may perform the service on the board or commission, provided that neither the board, commission nor the members thereof exercise sovereign powers of either the Federal or State government.

The Texas statutes (Articles 2584, et seq., V.A.C.S.) provide in pertinent part that:

> "The government of the University of Texas shall be vested in a Board of Regents composed of nine persons. . . . (Art. 2584) They shall . . . appoint a president; . . . appoint the professors; . . . fix their respective salaries; and they shall enact such by-laws, rules and regulations as may be necessary for the successful management and government of the University. . . . (Art. 2585) The Regents shall have power to remove any professor, /or/ tutor . . . connected with the institution when, in their judgment, the interest of the University shall require it. (Art. 2586)."

From the foregoing statutory provisions it is clear that under the law, the Board of Regents has full power and authority to employ and discharge members of the faculty and administration and to prescribe the duties which each of them shall be required to perform.

It is also clear that since the Board of Regents exercises delegated powers, its rules are of the same force as would be a like enactment of the Legislature, and its official interpretation placed upon the rule so enacted becomes a part of the rule. West Texas Compress & Warehouse Co. v. R. Co. (Tex.Comm. App.) 15 S.W.2d 558, 560. Foley v. Benedict, 55 S.W.2d 805, 808 (Tex.Sup. 1932). To the same effect: I Tex.Jur.2d 659, Sec. 14; 73 C.J.S. 430, Sec. 108; Automatic Gas Co. v. Dudding, 189 S.W.2d 780, 782 (Tex.Civ.App., 1945), affirmed 193 S.W.2d 517 (1946).

Therefore, we have a situation in which the employee of a state agency is directed by the agency's governing board, acting pursuant to certain powers delegated to it by the Legislature, to serve on such a board or commission, exercising no sovereign powers of government, as an additional duty of his position of employment.

Under such case authorities as now exist in Texas, the Constitutional prohibitions against dual office holding (Art. 16, Secs. 12 and 40) were held not applicable where under the law additional duties were merely imposed on an existing office or position without thereby creating a new office or position. Texas Turnpike Authority v. Sheppard, 154 Tex. 357, 279 S.W.2d 302 (1955); Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950); Jones v. Alexander, 59 S.W.2d 1080 (Tex.Com.App. 1933); First Baptist Church v. City of Ft. Worth, 26 S.W.2d 196 (Tex.Com.App. 1930); Eucaline Medicine Co. v. Standard Investment Co., 25 S.W.2d 259 (Tex.Civ.App. 1930, error ref.); Eastland County v. Hazel, 288 S.W. 518 (Tex.Civ. App. 1926, error ref.); Bluitt v. State, 121 S.W. 168 (Tex. Crim. 1909); Kruger v. Daniels, 109 S.W. 1108 (Tex.Civ.App. 1908); City of Houston v. Stewart, 99 Tex. 67, 87 S.W. 663 (1905).

For example, in First Baptist Church v. City of Ft. Worth, supra, the law creating the Fort Worth Independent School District provided that the assessment and collection of the taxes of the district would be made by the assessor and collector of the taxes of the City of Fort Worth. It was contended that this violated the constitutional prohibition against one person holding more than one civil office of emolument. In holding that there was no violation of the constitutional provision, the Court said:

> "The effect of the act in question is merely to impose additional duties upon the assessor and collector of taxes of the city of Fort Worth. It is not shown that this officer received any added compensation to that paid by the city for the performance of the additional duties thus placed upon him. Even if he had been allowed such compensation, it would not follow that the Legislature was creating a new office. No sound reason exists why the Legislature could not impose additional duties upon this officer and increase his compensation accordingly.

"'The imposition of additional duties,'
says Corpus Juris, vol. 46, p. 934, § 29,
'upon an existing office, to be performed
under a different title, does not constitute
the creation of a new office.' The same
authority further says: 'An office to which
the duties of another are annexed remains
technically a single office; it is not an
office under its own name and title and
another under the name of the one whose
duties are annexed to it.' See, also,
Allen v. Fidelity Co., 269 Ill. 234, 109
N.E. 1035; Hatfield v. Mingo County Court,
80 W.Va. 165, 92 S.E. 245; State v.
Powell, 109 Ohio St. 383, 143 N.E. 401."
(Emphasis supplied)

This office has followed the same rationale as that
adopted by the courts in the cited cases in at least three
separate Opinions. See Attorney General Opinions Nos. S-94
(1953); O-3120 (1941); and O-1410 (1939).

Since the primary purpose of Section 33 of Art. 16 of the
Texas Constitution was to prevent dual office or position
holding, we can perceive of no reason why the same interpre-
tation given to Art. 16, Secs. 12 and 40 should not be
analogous to and equally applicable to Section 33 of Art. 16.

This office, in Attorney General Opinion No. O-2607 (1940),
said that the object sought to be accomplished by Section 33
was as follows:

". . . that no person should receive
compensation from the State for services to
be rendered it, when during the time such
compensation is to be earned such person,
by accepting and holding another position
under the State or the United States, has
obligated himself to render services in
connection with the latter position, so
that he may not render full value in the
first capacity for the compensation which
the State has agreed to pay. . . . So con-
strued, this Section (33) seeks to avoid
even the possibility that the State may
not receive a full quid pro quo for
expenditures by way of compensation for
services to be rendered in one capacity,

by reason of the person serving in that
capacity placing himself in such a position
that he may be tempted to neglect the
duties of the one place for the respon-
sibilities of the other."

If, therefore, the service on the board or commission is
made an additional duty, and is not such as would tend to cause
the University employee to neglect his other duties and respon-
sibilities to the University, and the Board of Regents has
entered an administrative finding that such service on the
board or commission "is a benefit and advantage to the Univer-
sity and to the State of Texas, and further that such position
does not exercise any sovereign functions of government" then
our above stated conclusion with regard to the non-applicability
of Section 33 in this instance is entirely consistent and com-
patible with the object sought to be accomplished by that section
of the Constitution.

Since two offices or positions of honor, trust, or profit
are not being simultaneously held, and the member's service on
the board or commission is related and compatible with his
employment, the common law rule prohibiting dual office holding
on the ground of incompatibility is not violated.  47 Tex.Jur.2d
42, Public Officers, Sec. 28.

Texas cases follow the general rule as to added duties and
which rule is succinctly stated in Ashmore v. Greater Greenville
Sewer Dist., 211 S.C. 77, 44 S.E.2d 88, 173 A.L.R. 397:

> "The rule here enforced with respect
> to double or dual officeholding in vio-
> lation of the constitution is not applicable
> to those officers upon whom other duties
> relating to their respective offices are
> placed by law.  A common example is ex
> officio membership upon a board or commission
> of the unit of government which the officer
> serves in his official capacity, and the
> functions of the board or commission are
> related to the duties of the office.  State
> ex rel. Ray v. Blease, 95 S.C. 403, 79 S.E.
> 247, 249, 46 C.J. 934, 42 Am.Jur. 929."
> (Emphasis added)

In accord, see Bluitt v. State, 56 Tex.Crim. 525, 121 S.W.
168 (1909); Eastland County v. Hazel, 288 S.W. 518 (Tex.Civ.App.
1926, error ref.).  See the excellent discussion in McCullers
v. Board of Com'rs. of Wake County, (N.C. 1912), 73 S.E. 816,

which cites the Texas case of Powell v. Wilson, 16 Tex. 59 (1856). Judges who sit on juvenile boards perform related additional duties. Jones v. Alexander, 59 S.W.2d 1080 (Com. App. 1933); Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950).

However, in order that we be not misunderstood as to the effect of this Opinion, it appears necessary further to point out that we do not interpret the above cited cases involving the "added duty" theory as permitting the simultaneous holding of two positions of honor, trust, or profit under the state or federal government.

Our conclusion is that a position with the state or federal government which exercises no sovereign functions of government and is found to be compatible by the Board of Regents is not a position of honor, trust or profit as set out in Article 16, Sec. 33 of the Texas Constitution.

## SUMMARY

Service by a member of the faculty or administration of the University of Texas on a state or federal board or commission, not exercising sovereign powers of either the federal or state government violates neither the common law rule of incompatibility nor Sections 12, 33 or 40 of Section 16 of the Constitution of Texas. Where the University Board of Regents, acting pursuant to certain powers delegated to it by the Legislature, has promulgated rules and regulations requiring such service, and correctly finds that the service is compatible with the employment and a benefit to the University of Texas and to the state, and that such position does not exercise any sovereign functions of government,

the member may so serve without
violating such sections of the Con-
stitution and may be validly paid out
of the State Treasury his salary or
compensation as an employee of the.
University.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Kerns B. Taylor_
Kerns B. Taylor
Assistant

KBT/dl:fb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
H. Grady Chandler
Robert Flowers
Roger Tyler
Arthur Sandlin
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright