**James N. NUGENT, Appellant,**

v.

**CITY COMMISSION OF AMARILLO,
Texas, Appellee.**

No. 8078.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 21, 1970.

Rehearing Denied Jan. 18, 1971.

J. Bruce Aycock, City Atty., and Larry Brandon, Asst. City Atty., Amarillo, for appellant.

Jack Hazlewood, Amarillo, for appellee.

JOY, Justice.

This suit for a declaratory judgment was brought by appellant, city tax assessor and collector, against the city commission of Amarillo for a determination of the duties of the appellant in reference to property placed on the rolls by the city tax assessor collector that was removed by the city commission by the passing of a resolution holding the property as being exempt from taxation. The property in question was owned by Khiva Temple, A.A.O.N.M.S. From summary judgment granted in favor of the city commission holding that the resolution was a valid exercise of the city commission's power, control and jurisdiction to substitute its judgment for that of the tax assessor and collector in regard to designating the exempt or non-exempt status of property, the city tax assessor has taken this appeal. Reversed and rendered.

On March 12, 1946, the city commission of Amarillo, upon the request presented by Khiva Temple, passed a resolution classifying the property consisting of certain lots within the city limits as exempt property and authorizing the then tax assessor and collector to drop same from the city tax

rolls. Appellant by his pleading contends the property is not exempt from taxation and that the city commission has no right or power under the Constitution and laws of the state to determine the exempt or non-exempt status of property. Appellant further contends that but for the resolution he would place the property upon the tax rolls of the City of Amarillo.

Amarillo is a home rule city as provided for by Articles 1165 through 1182g, V.A.C.S. The statutes give broad powers to those cities adopting the home rule form of self government along with the right to "levy, assess and collect such taxes as may be authorized by law, or by their charters." The ordinances of the City of Amarillo create the office of tax assessor and collector. Sec. 2–16, Amarillo Code. The duties of the tax assessor and collector as designated by the ordinances read in part as follows:

"Sec. 2–22.

(a) Assessor and collector. It shall be the duties of the city tax assessor and collector to assess and collect city taxes in accordance with the provisions of this Code and the laws of this State.

(b) Other duties. In addition he shall do and perform any and all duties directed by the city manager and such other duties as may be prescribed by this Code and the laws of this State.

\* \* \* \* \* \*

Sec. 22–16. Assessment roll. All taxable property; duplicates. It shall be the duty of the city tax assessor and collector to make a correct assessment roll, in duplicate, of all real and personal property within the city limits, subject to taxation."

Other duties are designated such as accepting renditions of property, rendering the property that taxpayers fail to render and assessing a true value of the property. The ordinances provide no other means or method of assessing and collecting taxes except by and through the city tax assessor and collector. The charter also provides for a board of equalization to be created by the governing authority of the city with the duties of the board set forth to equalize the value of all property of the same kind and to correct any errors on the assessment list to be furnished the board by the city tax assessor and collector. The charter does not authorize the board to add property to the assessment list presented by the tax assessor collector, nor does it provide for the removal of property by the board or the city governing body. The ordinances provide for appeals to the board of equalization by taxpayers by Division 4, Section 22–32 as follows: "a. Before final action. At any time before the final action of the board of equalization any person may file a complaint with the board as to the assessment of his or any other person's property and the board shall hear the complaint." The charter provides for no other appeal and as noted this appeal is specified only in reference to the determination of the value of the property and for correction of errors on the assessment list submitted by the tax assessor collector.

The Supreme Court in City of Fort Worth v. Southland Greyhound Lines, 67 S.W.2d 354 (Tex.Civ.App.1931) stated in reference to the duties of the board of equalization involved therein: "It is only where property has not been rendered for taxation that it can be assessed and placed on the unrendered roll, and this must be done by the assessor. \* \* \*"

■ The appellee here points out that the city tax assessor and collector is subject to the direction and control of the city manager who in turn holds his office at the will of the city commission. Further, that the tax assessor and collector may be terminated from his office at any time by the charter provisions. We agree the charter does so provide. However, the city commission derived its power and duties from the city charter subject to the Constitution and statutory laws of the State of Texas. As we have noted the city ordinances, enacted by the City of Amarillo, specifically create the office of city tax assessor and

collector and further prescribe the duties of the office. The city charter and ordinances enacted thereunder cannot be changed or amended by a resolution of the city commission. See City of Hutchins v. Prasifka, 450 S.W.2d 829 (Tex.Sup.1970); Red Bird Village v. State of Texas ex rel., 385 S.W.2d 548 (Tex.C.A. ref'd). In the case of Valdez v. City of Laredo, 29 S.W. 2d 802 (Tex.Civ.App. n. w. h.), Valdez constructed a building and upon being assessed the taxes by the city contended that the building was not completed on tax day, January 1, of the year of the tax assessment and that, therefore, the property was not taxable in that year. The city filed suit and Valdez took the matter up with the city council which ordered the suit dismissed and passed a resolution reciting that the building had not been completed by January 1 and was, therefore, erroneously assessed for that year. Three or four years later the city attorney recommended to Valdez that he pay the taxes and file suit for a recovery thereof. The appellate court stated: "It is obvious that the city council had no power to exempt appellant or his property from taxes lawfully assessed, and this appeal must rest, after all is said, upon the question of whether appellant's building comprised taxable property." Although the Valdez case was not presented on the identical point as herein, we agree with the principles stated.

Appellant cites also the case of City of Wichita Falls v. J. J. & M. Taxman Refining Co., Inc., 74 S.W.2d 524 (Tex.Civ.App. ref'd) wherein Taxman defended a suit for taxation on real estate brought by the city on the grounds that other property had been omitted from the city tax rolls and, therefore, the assessment was void. The city charter therein contained provisions very similar to those here involved in reference to the duties of the city commission and board of equalization. That court stated in part: "The board of equalization, before approving the rolls made up by the assessor, made no attempt to ascertain whether or not any taxable property had been omitted therefrom. Nor did the board of aldermen instruct the assessor to omit any property from the tax rolls, or make any investigation to determine whether or not the tax rolls as made up by the assessor and approved by the board of equalization included all the taxable property within the city. Nor were those duties imposed upon either of those bodies by either the city charter or by the statutes." (citing cases). We think that under the charter and ordinances of Amarillo that not only does the city commission have no duty to pass upon the exempt or non-exempt status of property (and to cause same to be dropped if the commission finds it exempt) but that once the tax assessor and collector determines the status as non-exempt and assesses same for taxation that it then devolves upon our courts to adjudicate the status hereof. See Texas Turnpike Co. v. Dallas County, 153 Tex. 474, 271 S.W.2d 400 (1954). We are not to be understood as holding that the city cannot by ordinances provide otherwise. As the ordinances now stand the tax assessor and collector has the authority and the duty of taxing all property within the city that is not exempt by the Constitution or the general laws of the state. Under the charter and ordinances as now drawn, we hold that the city tax assessor and collector is a public officer. First Baptist Church v. City of Fort Worth, 26 S.W.2d 196 (Comm.App. 1930). Appellee relies principally upon the case of Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578 (1955). We do not think that case is controlling here in the light of what we have heretofore said and that the questions determined in that case are not analogous here.

We reverse and render the judgment of the trial court and hold that the resolution of the city commission is of no force and effect.

Reversed and rendered.